## THORNTON v. KERR & HOPE.

1. The admission of one person that another was his partner, is not evidence to establish the existence of a partnership, and the fact that the party making the admission is not sued in the same action, or is dead, can have no influence upon the admissibility of the evidence: the representatives of a deceased partner are made liable at law, if the survivors are insolvent.

WRIT of error to the Circuit Court of Chambers.

The defendants in error declared against Wm. A. Thornton, Parham M. Thornton and Alexander H. McDaniel, as partners, trading under the style and firm of Thornton & McDaniel, in assumpsit, on two promissory notes, amounting in the aggregate to the sum of nine hundred and seventeen 65-100 dollars. W. A. Thornton denied by plea that the notes in suit were made by him or his authority, and verified his plea by affidavit. By consent of parties, P. M. Thornton was admitted to be a bankrupt, and a verdict allowed to be rendered in his favor; and McDaniel having died pending the suit, the action abated as to him.

On the trial of the issue, the defendant below excepted to the ruling of the court. The bill of exceptions shows that the plaintiffs proved that McDaniel, the deceased party, said that the defendant was his (McDaniel's) partner; to the admission of this evidence the defendant objected, but the court being informed by the plaintiffs' counsel that they would connect other evidence of the partnership with the declarations of McDaniel, the objection was overruled. After the plaintiffs closed their testimony, the defendant moved to exclude from the jury the declarations of McDaniel as to the partnership; but there being other testimony tending to establish the partnership, the court overruled the motion. The jury returned a verdict for the plaintiffs, and a judgment was rendered thereon.

S. HEYDENFELDT, for the plaintiff in error, cited Gow on Part. 193; 4 S. & Porter's Rep. 34; 3 Stew't Rep. 201; 2 Wash. C. C. Rep. 388.

No counsel appeared for the defendant.

COLLIER, C. J.—The only question submitted to the jury, was, whether the defendant below made the note declared on, either personally, or by one who was authorized to bind him to its payment. In order to fix a liability, the declarations of one who represented himself to be the defendant's partner, is admitted to show that this relation existed between them. The fact that the party, of whose declarations the plaintiffs availed themselves, is not sued in this action, or is dead, can have no influence upon the admissibility of the evidence; for if the living partners are insolvent, it is allowable to sue the representatives of the deceased,

even at law, and recover a judgment for the firm debt. The act of 1839 is explicit upon this point. [Bartlett & Waring v. Lang's Adm'rx, 2 Ala. Rep. 401.] This being the case, it cannot be said that McDaniel, when living, was not interested in establishing a partnership between himself and the defendant, or that the burthens of his estate would not be lessened by showing such a connection. True, the representatives of the deceased would be liable to contribute the intestate's share of such judgment as might be recovered against the defendant. but if the plaintiffs are unsuccessful, the estate will be liable to the payment of the note *in solido.* The difference in the extent to which the estate will be chargeable according to the judgment in the case, shows that there was not an *equillibrium* of interest on thé part of the deceased, and that his declarations were not evidence *per se.* [2 Phil. Ev. C. & H.'s notes, 112, 266.]

In Hutchins v. Childress & Baker, [4 Stew't & P. Rep. 43,] the court said, "The admissions of one partner are not evidence to establish the existence of the partnership; but after its existence has been otherwise proved or admitted, the act or declaration of one relating to the subject matter of the partnership, will bind all." [See, also, Story on Part. 159—160, 460, 2, & note 1.]

Whether the declarations of the deceased partner might have been so connected with other evidence as to make them admissible, we need not inquire. *Prima facie* they were admissible, either alone, or in connection with other proof; and if there existed a state of facts which rendered them competent, it should have been shown. It was not a sufficient reason for refusing to reject the declarations of McDaniel, that there was other evidence of partnership; the other evidence may not have been credited by the jury, or may have been considered by them as insufficient So that, in this view, the verdict may have been induced alone by evidence wholly incompetent.

The result of our opinion is, that the circuit court erred. Its judgment is consequently reversed, and the cause remanded.

GOLDTHWAITE, J.—I concur in the result of the opinion of my colleagues; but I do not assent to the proposition, that the admission of one that another is his partner, is *incompetent* evidence. In my opinion, it is admissible, but inconclusive. Every admission by one that he is the partner of another, includes

within it the admission that the other has a *joint* interest in the concern; and without this joint interest, there can be no partnership. When, therefore, there is the several admission by two persons that they are partners, each one admits the other to have a joint interest; and if the admissions of the two conjointly are competent, I am at a loss to see why the admission of each severally is not so too. It is apparent, however, that the one admission does not prove the joint interest or partnership until it is coupled with the other.