Aston v. Jemison.

~~~~~~~~~~

## ASTON *vs.* JEMISON.

1. In an action against J. to charge him as a joint owner with M. of a steamboat, the latter is not a competent witness to prove the fact of joint ownership.

Error to the County Court of Tuscaloosa.

THIS was an action for services rendered by the plaintiff as engineer on the steamer General Sumter, against the defendant as an alleged joint owner of said boat. To sustain his case the plaintiff introduced as a witness one Massey, who testified that he, his brother and the defendant were the joint owners of the steamer. The defendant's counsel thereupon objected to the competency of the witness and moved to exclude his testimony, which motion the court sustained, and this is now assigned as error.

PECK, for the plaintiff:— The witness, Massey, was com-

petent *for the plaintiff in error*, to prove that the defendant was a joint owner of the boat, and that she was run for freight, on account of her owners.—Bell v. Porter, 9 Conn. Rep. 23; Grant v. Shuter, 1 Wendell, 148; Taylor & Fitzsimmons, 17 S. & R. 453.

WALLACE, for defendant.

CHILTON, J.—If the plaintiff succeed in his action against Jemison, as part owner of the steamboat Gen'l Sumter, the effect of the judgment is to make him responsible for the whole demand and to turn him round upon the other part owners for contribution. The object, as well as the direct tendency of the testimony of the witness, Massey, was to make the defendant share with him the payment of the demand sued for. He was then directly interested in sustaining the plaintiff's action, as he thereby lessened his own liability in the proportion as he established Jemison's interest in the boat. It follows, that being an interested witness, he was incompetent to testify, and was properly rejected by the court.—See Ripley v. Thompson et al., 12 Moore, 55; S. C. 22 Eng. C. L. Rep. 433; Lewis v. Post & Main, 1 Ala. Rep. 65; Macbrain v. Fortune, 3 Camp. Rep. 317; Brown v. Brown, 4 Taunt. 752; Thornton v. Kerr & Hope, 6 Ala. Rep. 823.

The judgment of the County Court must be affirmed.