## BOYCE v. HOLMES.

1. It is a rule of construction, founded on the principles of *general jurisprudence*, that a statute is not to have a retrospective effect, beyond the time of its enactment.

2. The act of 1836, "for the relief of tenants in possession, against dormant titles," which secures to persons, under some circumstances, who are ejected by paramount title, the value of improvements made upon the premises during their possession, does not operate retrospectively, so as to entitle them to recover the value of improvements, made previous to the passage of the act.

THE plaintiff in error brought an action of tresspass, in the Circuit Court of Dallas, to try titles to two lots, situated in the town of Cahawba, and to recover damages of the defendant as mesne profits, in consequence of their occupancy by him.

The defendant pleaded "not guilty," and filled a suggestion under the statute, in which he insists, that he and those under whom he claims, have had adverse possession of the lots in controversy, for three years, and have made valuable, and permanent improvements on the same, &c. To this suggestion, the plaintiff demurred, but his demurrer was overruled, and the case submitted to the jury, who returned a verdict in favor of the plaintiff's right, to recover the possession of the premises, but assessed the value of the improvements made by the defendant, and those under whom he claims, at *fourteen hundred dollars.*

On the trial, the presiding judge sealed a bill of exceptions, from which it appears, that the "improvements were mostly made" previous to the eighth of January, 1836, and that the Court charged the jury " that the defendant was entitled to the value of all the improvements made by himself, and those under whom he claimed, whether made before or after the passage of the act of that date ; provided they were made under an adverse possession."

Judgment being rendered in conformity to the verdict, the plaintiff has prosecuted a writ of error to this Court.

EDWARDS, for the plaintiff.

J. B. CLARKE, for the defendant.

COLLIER, C. J.—It is unnecessary to consider the sufficiency of the suggestion, as the question proposed to be raised upon the demurrer, is brought directly to the view of the Court, in the instructions to the jury.

The inquiry is, does the act of the eighth of January, 1836, "for the relief of tenants in possession, against dormant titles" operate retrospectively, so as to entitle persons, holding adversely to the rightful owner of land, to compensation for permanent and valuable improvements, made previous to its passage; or does it only confer upon the adverse possessor, the right to be compensated for such improvements, made subsequent to that event.

So much of the act, as it is necessary to examine, is in these words " that in any suit which shall hereafter be commenced in any of the Courts of this State, for the possession of lands or tenements, it shall be lawful for the defendant. at any time before the trial of such suit, to suggest to the Court, that he and those persons whose estates he has in the lands or tenements sued for, have had adverse possession of the same, for three years, next before the commencement of such suit, and that he and those persons whose estate he has, have made permanent and valuable improvements on the lands sued for, during the time he or they have had adverse possession of the same. And the jury trying the suit, if they shall find for the plaintiff, shall at the same time inquire if the suggestion so made be true or false ; if false, they shall return a verdict as in ordinary cases for the damages sustained ; but if true they shall assess the value of the improvements, at the time of the trial, which have been made by the defendant, or by those whose estate he has; and shall assess the value of the lands or tenements, which they shall return a verdict for, and shall also assess the value of the use and occupation of the same, without considering the increased value thereof, by reason of such improvements, as shall have been made by the said defendant, or by those whose estate he has. And if the value of the use and occupation as assessed, shall exceed the value of the improvements as assesed, the Court shall render a judgment against the defendant for the excess." [Pamphlet acts, 20.]

It is a rule of construction, founded on the principles of general jurisprudence, that a statute is not to have a retrospective effect beyond the time of its enactment. In Calder & wife v. Bull & wife [2 Dall. Rep. 386.] Mr. Justice Chase held, that every law that takes away or impairs rights, vested agreeable to existing laws, is retrospective, and is generally unjust; and that it is a good general rule, that a law should have no retrospect. Chief Justice Kent in Dash v. Van Kleck [7 Johns' Rep. 477.] is quite as explicit. " The very essence of a new law," says he, " is a rule for future cases." The construction contended for on the part of the defendant, would make the statute operate unjustly. It would make it defeat a suit already commenced upon a right already vested. Nothing could be more alarming than such a subversion of principle. It is a principle of the English common law, as ancient as the law itself, that a statute, even of its omnipotent parliament, is not to have a retrospective effect. *Nova constitutio futuris formam imponere debet, et non præteritis."* To the same effect are Ogden v. Blackledge, 2 Cranch's Rep. 272. Fisher v. Blight, ibid 386. Beadleston v. Sprague, 6 Johns' Rep. 101. Osborn v. Huger, 1 Bay's. Rep. 179. The People v. Tibbetts', 4 Con. Rep. 384. Bedford v. Shilling, 4 Sergt. & Rawle's Rep. 401. Ogle v. The Sommerset and Mount Pleasant Turnpike Com. 13 ibid 25. Philips v. Gray, Admr. 1. Ala. Rep. N. S. 226. The Society, &c. v. Wheeler, 2 Gall. Rep. 139. Woart v. Winnick, 3 N. Hamp. Rep. 473. Dow v. Norris, 4 ib. 19. Miller, et al. v. Dennett, et al. 6 ib. 109. The English statute of frauds in its terms, embraces the contracts denounced by it, on which no suit had been then brought. It enacts " that from and after the twenty-fourth day of June, no action shall be brought," &c. Very soon after its passage, the question arose whether it should extend to agreements, made previous to that event. In Gilmore v. Shuter, [2 Lev. Rep. 227.] it appeared that on the day before that on which the statute of frauds took effect, a verbal promise was made to give, or bequeath a sum of money in consideration of marriage. An action being brought against the executors of the promisor, the question made, upon a special verdict, was, whether the promise not being in writing was within the 29 Car. 2 c. 3. The

Court said " It cannot be presumed that the statute was to have a retrospect, so as to take away a right of action, which the plaintiff was entitled to, before the time of its commencement." And the Court put the case of a will executed without the formalities required, which they said would be valid, if made before the act, although the testator survived its passage, [see Ashburnham v. Bradshaw. 2 Atk. Rep. 36   The Attorney General v. Lloyd and others, 3 Atk. Rep. 551.

The English statute of frauds is not less direct and positive in its terms than the act we are examining.   According to their literal import, they apply alike to actions thereafter to be brought, without regard to the time when the rights of the plaintiffs vested.

In the case at bar, if the plaintiff had a right to the lots when the improvements were made, his right to the improvements then vested, and he was entitled to recover them as an incident to the land itself.   In respect to the greater part of the improvements, there was no law obliging the plaintiff to compensate the defendant in the event of his oyster from the possession; and though the act of 1836 modifies the law in this particular, yet according to a well established rule of construction, we must intend that the Legislature did not mean to divest rights already acknowledged by the law.   But that a new rule of action was prescribed, by which rights should thereafter arise and be adjusted.

We will not undertake to say that the act of 1836, cannot be literally interpreted, consistently with the constitution—the view which we take of this case relieves us from the examination of that question.   Our conclusion is placed alone upon the rule of construction to which we have referred.

The judgment is reversed and the cause remanded.