2 ALa. (N.S.) 401

## BARTLETT & WARING v. LANG, ADM'RX.

1. Where the defendant pleads to the declaration, and the cause is submitted to the jury upon issues of fact, the Court should not exclude evidence which tends to sustain the issues, on the part of the plaintiff, because the declaration does not disclose a good cause of action.
2. The act of February, 1839, which authorizes an action to be brought against the representatives of a deceased partner, upon an affidavit being made, that the survivor is insolvent, &c., as it merely gives a remedy at law, in a case in which the remedy was in equity, without any interference with the right, operates retrospectively, so as to embrace liabilities incurred previous to its passage.

This was an action of *assumpsit*, brought in the Circuit Court of Mobile, by the plaintiff in error, against the defendant, as the administratrix of Willis Lang, deceased.

The declaration, after describing a promissory note, made by one Henry C. Dade, on the fifth day of March, 1836, for the payment of the sum of six thousand seven hundred and seventy-six dollars and sixty-six cents, twelve months thereafter, to McRae & Lang, alledges, that the same was, on the

day of its date, endorsed to the plaintiffs. The note, it is alledged, was payable and negotiable at the Bank of Mobile; and, at its maturity, was there presented for payment, which, being refused, was protested for non-payment, and due notice thereof given to the endorsers.

It is also averred, that, after the death of Willis Lang, one of the endorsers, to wit, on or about the third day of April, 1837, the plaintiffs commenced a suit at law, in the Circuit Court of Mobile, against Colin C. McRae, as surviving partner of the firm of McRae & Lang, to recover the amount of the note they had endorsed. That, at the spring term of that Court, 1838, they recovered a judgment against McRae, as such surviving partner, for the sum of seven thousand three hundred and thirty-five dollars and twenty-one cents, including damages and costs.

It is further alledged, that a writ of *fieri facias* was issued on the judgment, obtained by the plaintiffs, against McRae, directed to the sheriff of Mobile; on which he made, by the levy and sale of personal and real property, the sum of five thousand one hundred and ninety one dollars and sixty-four cents; leaving a balance, of principal and interest, still unsatisfied, of two thousand seven hundred and four dollars and thirteen cents. As to which balance, the sheriff returned the *fieri facias*, "no property found." The first count concludes, that, for the reasons before stated, the defendant became liable to pay the *balance on the judgment*, &c.

The second count sets out the promissory note, its endorsement by McRae & Lang, its presentment at the Bank of Mobile, at maturity, its protest for non-payment, &c., and the death of Lang; and concludes, that, by reason of the premises, the defendant became liable to pay to the plaintiffs, the amount of the note.

The declaration also contains the common counts.

The plaintiffs, before the institution of this suit, made an affidavit in writing, before the Clerk of the Circuit Court of Mobile, and filed it with the papers in the cause, in which they state, that they believe that Colin C. McRae was unable to pay the amount of the debt, sought to be recovered of the defendant.

In the record, we find a memorandum, signed by the defendant's counsel, stating that, "the defendant demurs severally to the counts in this declaration, in short, by consent." Following which, there is a plea of *non-assumpsit*, and a plea denying the endorsement by Lang ; which latter plea, was verified by affidavit.

No notice seems to have been taken of the demurrers ; but the cause was tried by a jury on the issues of fact.

On the trial, the plaintiffs excepted to the ruling of the Court. From their bill of exceptions, it appears that, "the plaintiffs, to maintain their action, produced, and proved, the note declared on, &c.; and, also, the protest thereof, and proof of notice of protest, properly given, and in due time, to each of the partners of the firm of McRae & Lang ; and, also, proof that McRae & Lang were co-partners, and that the endorsement of McRae & Lang was made by McRae, in the presence of, and with the assent and approbation of, the intestate Lang; which evidence was objected to by the defendant, and the same was rejected by the Court, being of opinion, that the action could not be maintained. It appears, that the intestate Lang died in the spring of 1837 ; that administration was granted to the defendant in the year 1837." The Court decided, that the act of February, 1839, "to amend judicial proceedings at common law, in regard to suits against partners," did not authorise the plaintiffs to maintain their action, inasmuch as it was passed subsequent to the death of Lang, and the grant of administration to the defendant.

"The plaintiffs also offered to prove the recovery of the judgment against the surviving partner, McRae ; also, the return of no property found, and the other facts alledged and set forth in the plaintiffs declaration; but all this evidence was excluded." The Court deciding, that the act of February, 1839, did not apply to the case; and, independently of that enactment, the action could not be sustained.

A verdict being found for the defendant, and judgment thereupon rendered, the plaintiffs have prosecuted a writ of error to this Court.

COLLIER, C. J.—The demurrer of the defendants was superseded by the pleas, on which issues were tried by the jury; so that the inquiry in the Court below was not, whether the declaration disclosed a good cause of action, but did the proof offered by the plaintiffs, tend to sustain its allegations. The defendant's pleas impliedly admitted that the declaration set forth in a legal manner, a state of facts, which, if true, entitled the plaintiffs to recover; but denied their truth and called for the proof. If the declaration was so palpably defective, as not to sustain a recovery, the defendant might have availed herself of the defects, on a motion in arrest of judgment, or on error; but it was not competent for the Court to exclude from the jury evidence (otherwise unexceptionable,) which went to prove or disprove the respective averments of the parties.

Now the several matters which the plaintiffs proposed to prove to the jury, viz: the note described in the first and second counts of the declaration; the protest thereof; and due notice of protest to each of the partners of the firm of McRae and Lang—that McRae & Lang were partners, and that the endorsement of the note was made by the former, in the presence of, and with the assent of the latter, &c.—were clearly within the terms of the issues. And even if the action was not maintainable, as that question was not raised, the evidence should not have been rejected.

But without pretending to inquire whether any, or which of the counts of the declaration are defective; we are satisfied it was competent for the plaintiffs, by following the directions of the act referred to, by the Judge of the Circuit Court, in his charge to the jury, to maintain an action against the representatives of a deceased partner, upon an endorsement made by partners previous to its passage. That statute enacts, " that where any person or persons shall have a cause of action against any copartnership, any members of which may have died, such person or persons shall be permitted to sue and recover of the representatives of the deceased partner, or partners, without first having prosecuted the surviving partners to insolvency, any law, usage, or custom to the contrary notwithstanding : *Provided,* the plaintiff shall, before instituting such suit, make affidavit in writing before the clerk of the proper

Bartlett & Waring v. Lang, Adm'rx.

Court, or Court itself, to be filed with the papers, that the survivor is insolvent or unable to pay the amount of the debt, .or
is beyond the jurisdiction of the Court: *Provided, however,*
that when any such representative is sued separately, which
may be done without such affidavit, no execution shall issue
against such representative, until an execution is *bona fide,*
run and returned *nulla bona,* as to the survivors." [Pamphlet Acts of 1838–9.]

That this statute is not well expressed, no one can deny;
yet we apprehend, it sufficiently indicates the purpose intended to be effected by it. In Marrs. Ex'rx. v. Southwick, Cannon
& Warren, 2 Porter, 370, (a case determined in June, 1835,) it
was decided, that, " the act of our Legislature, which enacts
that, whenever any cause of action may exist against two or
more partners of any denomination whatever, it shall be lawful to prosecute an action against any one or more of them,"
[Aik. Dig. 268,] did not place partners, and their executors
and administrators upon the footing of joint and several obligors or promissors. To give that statute such a construction,
the Court say, " would have the effect of subjecting the assets
of deceased partners, to the payment of the partnership debts,
while the surviving partner would have the exclusive control
of all the partnership funds, out of which the partnership debts
ought in justice to be paid." The Court concluded that, by
the common law, the debts of partners are joint; and by the
death of one, they become extinguished as to his testator. or
intestate, and can only be revived in equity. To abrogate the
decision in the case cited, so far as it held the remedy at law
extinguished, as against the representatives of a deceased
partner, the act of February, 1839, was enacted. Without attempting an exposition of this act, further than the case before
us requires, we are prepared to say, that we can discover nothing in its terms, which indicates the intention of the legislature, that its operation should be merely prospective. The
literal import of the language employed, extends to all causes
of action " against any copartnership," &c. without reference
to the time when it occured.

The statute, we have seen, is remedial; it gives to the creditor a remedy at law, in a case in which it was previously ne-

cessary for him to resort to equity. It being a mere transfer of a remedy from equity to a court of law, in order to enforce a pre-existent right, according to a cardinal rule of construction, the statute must be liberally expounded ; and must consequently embrace causes of action, existing previous to its enactment. A statute which merely changes the *remedy*, it has been often holden, both in this Court and others, may, where such seems to have been the intention of the legislature, operate retrospectively. The death of Willis Lang, and the grant of administration to the defendant, previous to the passage of the act, it seems to us, can have no influence upon its operation.

It will follow, from what we have said, that the Judge of the Circuit Court erred in his views of the law, as stated in the bill of exceptions.

The judgment is consequently reversed, and the cause remanded.