## IVERSON v. SHORTER, ET AL.

1. The act of January, 1842, entitled an act to prevent the sacrifice of real estate, is not unconstitutional with respect to creditors then in existence, whether creditors at large, or having obtained judgment liens. And one judgment creditor may redeem from another the lands of their common debtor, purchased by the latter at an execution sale, although the purchasing creditor was a creditor at the passage of the act.

Writ of Error to the Court of Chancery for the 9th District.

IVERSON exhibited his bill against J. G. Shorter and L. S. Cato, alledging, that in 1842, in the County Court of Barbour county, he obtained judgment against Seth Lore and Edmund Sheppard, for $6,293, besides costs. On this judgment he sued out execution, which the sheriff of said county, on the 7th February, 1843, returned, no property. That from time to time he has continued to take execution, but hitherto without effect. He then alledges, that the defendants, on the 1st of April, 1845, purchased at sheriff's sale, certain described lands, at prices which are set out, situate in Eufaula, Barbour county. That said lands were sold under and by virtue of execution in favor of one Barry against said Lore. That he, after the sale, proposed to redeem the said lands, and sets out an offer to do so, complying substantially with the statute. The defendants refused to allow him to redeem, &c.

The defendants' answers admit the allegations of the bill, but insist they are the assignees of a judgment obtained by Colquit, Hall & Echols for $412, besides costs, rendered by the Circuit Court of said county, on the 21st March, 1842, which they purchased on the 29th day of February, 1845, for $238, for which they jointly executed their notes to said Colquit, Hall & Echols, payable 19th February, 1846. They

90

aver that this judgment, so purchased by and assigned to them, is in full force, and not paid or satisfied. They further answer, that another judgment, under which they purchased parcels of the said land, was in favor of S. G. Cato, against said Lore, rendered in the Circuit Court of said county, on the 22d April, 1844, for $163, besides costs, and founded on a note dated 1st February, 1842, due 20th March, 1843. The judgment in favor of George L. Barry, under which they purchased other of said lands, was obtained in the same court, on the 10th of May, 1844, against Lore, for the sum of $4,467, besides costs, and insist that the indebtedness on which this is founded accrued prior to the 1st July, 1842, and that it is in full force, &c. They admit they are creditors of Lore, only to the extent of the judgment assigned by Colquit, Hall & Echols.

The cause was heard on the bill, answers and exhibits, and the Chancellor, deeming the act of 1842, permitting the redemption of lands purchased at sheriff's sale, unconstitutional, as to the existing creditors, whether at large, or having reduced their claims to judgment, dismissed the bill.

This decree is assigned as error.

J. McC. WILEY and P. TUCKER SAYER, for the plaintiffs in error.

J. G. SHORTER, contra.

GOLDTHWAITE, J.—Without reciting in detail, the act passed in Janury, 1842, to prevent the sacrifice of real estate, it is sufficient to remark, that it provides for the redemption of the interest of the debtor, in any real estate which should thereafter be sold. The period within which the redemption may be made, is fixed at two years, and the right of redemption is given to the debtor, and to any *bona fide* creditor—to the former upon offering 10 per cent. per annum to the purchaser, and to the latter, in addition to this, the offer to credit the debtor with a further sum of ten per cent. upon the amount of the purchaser's bid. A clause in the act extends its operation to all sales under mortgages, deeds of trust, and decrees in equity. [Clay's Dig. 502.]

We are unable to see how this act is violative of the con-

stitution, at least so far as it governs sales under execution. Conceding that a judgment creditor, at the time of this enactment, had by his active diligence acquired a lien on the real estate of his debtor, this may be said to be entirely without his contract, and is in no manner affected by it. The legislature, as it seems to us, may modify, or even abolish, all such laws, without in any manner impairing the obligation of the contract. The answer to the entire argument is, that the creditor has stipulated for no specific lien, and the only right under his contract is, to have the same remedies as all other creditors are entitled to by the general laws of the land. It might be contended with equal force, that imprisonment for debt was contracted for, when the engagements were entered into some years ago, as that the right to sell the land of the debtor was now a part of the contract. The case of Bronson v. Kenzie, 1 Howard, 311, goes to show, that a creditor who has contracted for a specific lien upon his debtor's lands, cannot be deprived of that right by any subsequent legislation; but certainly stops far short of the decree in this suit. In New York, where [statutes very similar to that which we are now considering, have prevailed for more than twenty-five years, their constitutional validity, so far as we can ascertain, has never been questioned, and we presume similar ones are in existence in other States. We dismiss, then, the constitutional question, with the brief remark, that if the statute was open to objection on this score by a creditor, it would scarcely avail a purchaser, who takes all his right by virtue of the specific legislation.

It is however contended, the statute should be restricted to such judgments as are obtained after its enactment. There is no room to give this restriction, without departing from the very letter, which directs that all sales "hereafter made," shall be governed by it. In New York, these statutes are considered remedial, and as such entitled to be construed in the most liberal manner, to advance the remedy. [Van Renselear v. Sheriff of Albany, 1 Cowan, 501.] With us, statutes giving a new remedy have frequently been construed to apply to suits then existing. [Bartlett v. Lang, 2 Ala. Rep. 404.] And such is believed to be the general construction with respect to such statutes, unless the intention is apparent

to restrict their operation. The opposite rule applies when statutes seem to affect existing rights. [Boyce v. Holmes, 2 Ib. 54.]

Upon the whole, our conclusion is, that the act in question is constitutional, and applies to all sales made after its passage. Whether the defendants being the assignees of one of the judgments, by virtue of which the lands in question were sold, are entitled to be consinered as *bona fide* creditors, is a matter not decided by the Chancellor, and therefore need not be now determined by us. Such seems to have been the opinion in Van Rensalear v. Sheriff of Onondaga, 1 Cowan, 443, but we decline to decide this point until directly presented. As an account is necessary, as well as other proceedings, the cause will be remanded.

Decree reversed and remanded.