GRAND INTERNATIONAL BROTHER-
HOOD OF LOCOMOTIVE ENGINEERS
v. GREEN. (2 Div. 811.)

(Supreme Court of Alabama. Nov. 29, 1923.
Rehearing Denied Dec. 20, 1923.)

1. Associations ⬤⇒2—Constitutional law ⬤⇒
106, 169—Act permitting unincorporated as-
sociation to sue or be sued held not uncon-
stitutional as impairing obligation of con-
tracts or affecting vested rights.

Acts 1921, p. 15, §§ 2, 4, permitting unin-
corporated association or organization to sue
and be sued in the name of the association,
held not to impair the obligation of contracts
or affect vested rights under the state or fed-
eral Constitutions, even as to transactions past
at the time of its enactment.

2. Associations ⬤⇒2—Act authorizing suit by
or against unincorporated association must be
liberally construed.

Acts 1921, p. 15, §§ 2, 4, permitting unin-
corporated association to sue or be sued in the
association's name is a remedial statute, and
must be liberally construed to advance the com-
petent legislative purpose.

3. Statutes ⬤⇒117(1)—Act permitting suit by
or against unincorporated associations held
not defective as to title.

Acts 1921, p. 15, §§ 2, 4, permitting suits by
or against unincorporated associations in the
name of the association, held not invalid, with-
in Const. § 45, on the ground that the title does
not disclose that it is applicable to causes pend-
ing at its passage.

4. Trade unions ⬤⇒4—Exhaustion of remedies
within order not condition precedent to suit
for damages for wrongful expulsion of mem-
ber.

Where a member of an unincorporated rail-
way brotherhood brought suit against the as-
sociation to recover damages for wrongful ex-
pulsion, it was not necessary to allege or prove
that he had sought by appeal to the tribunal of
last resort within the organization to avoid the
decree of expulsion.

5. Trade unions ⬤⇒7—Railway brotherhood
held liable for wrongful expulsion of member
by local branch.

In a suit against an unincorporated rail-
way brotherhood brought by a member to re-
cover damages for wrongful expulsion, it was
no defense that the expulsion was brought
about by a local branch, in view of Acts 1921,
p. 15, §§ 2, 4, allowing suits by or against un-
incorporated associations in the association's
name.

6. Trade unions ⬤⇒4—Evidence of loss of in-
surance admissible in action against associa-
tion for wrongful expulsion.

In a suit against an unincorporated railway
brotherhood to recover damages for wrongful
expulsion from the order, evidence that plaintiff
was by the decree of expulsion caused to lose
the benefit of two insurance policies in an ad-
junctive corporation held admissible as estab-
lishing an element of recoverable damages.

7. Trade unions ⬤⇒4—Expulsion from a rail-
way brotherhood held not upon sufficient
cause.

It was not a sufficient ground for expulsion
from an unincorporated railway brotherhood
that when strike of the railway brotherhoods
was being discussed, prior to the declaration of
war between the United States and Germany,
plaintiff declared his first allegiance to his
country.

8. Trade unions ⬤⇒4—$17,500 held excessive
and reduced to $12,500 for wrongful expul-
sion from railway brotherhood.

Verdict for $17,500 held excessive and re-
duced to $12,500 for wrongful expulsion of a
member of a railway brotherhood of locomo-
tive engineers.

Appeal from Circuit Court, Dallas County;
Henry B. Foster, Judge.

Action for damages by J. W. Green against
the Grand International Brotherhood of Lo-
comotive Engineers, for his wrongful and
malicious expulsion from the order. From a
judgment for plaintiff, defendant appeals.
Reversed conditionally.

Arthur M. Pitts, of Selma, for appellant.

At the time of the commencement of the
suit defendant was a nonsuable organization,
and the court did not obtain jurisdiction.
Ex parte Collins, 49 Ala. 69; G. I. B. v.
Green, 206 Ala. 196, 89 South. 435; Ex parte
Hill, 165 Ala. 368, 51 South. 786; Grand
Lodge v. Goodwin, 204 Ala. 213, 85 South.
553. The act of 1921 cannot apply to this
case, which was pending; it had never been
dismissed and a new cause instituted. Lind-
say v. U. S. S. & L. Co., 120 Ala. 156, 24
South. 171, 42 L. R. A. 783. There are no
words in the title of the act of 1921 fairly
indicating that the act is retrospective, as
provided in section 4. That section is there-
fore unconstitutional. Alford v. State, 170
Ala. 178, 54 South. 213, Ann. Cas. 1912C,
1093; Bradley v. State, 99 Ala. 177, 13 South.
415; Ex parte Pollard, 40 Ala. 77; A. G. S.
v. Reed, 124 Ala. 253, 27 South. 19, 82 Am.
St. Rep. 166; White v. Burgin, 113 Ala. 170,
21 South. 832; Ex parte Birmingham, 116
Ala. 186, 22 South. 454; Brown v. State, 115
Ala. 74, 22 South. 458; Yahn v. Merritt, 117
Ala. 485, 23 South. 71; Morgan v. State, 81
Ala. 72, 1 South. 472; Miller v. Jones, 80
Ala. 89; State v. Davis, 130 Ala. 148, 30
South. 344, 89 Am. St. Rep. 23; Mayfield's
Const. Ala. p. 125. The section is void, be-
cause destructive of existing defenses. Const.
1901, § 22, 95; Coosa River Co. v. Barclay, 30
Ala. 120; Wetzler v. Kelly & Co., 83 Ala.
440, 3 South. 747; Steele v. Steele's Adm'r,
64 Ala. 438, 38 Am. Rep. 15; Ala. L. I. Co.
v. Boykin, 38 Ala. 510; Jefferson County
Bank v. Miller, 145 Ala. 243, 40 South. 513;
8 Cyc. 910; 10 Am. Dig. (Century) § 530, p.
1962; Com. Court v. Rather, 48 Ala. 434;

⬤⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Barrington v. Barrington, 200 Ala. 316, 76 South. 81; Armstrong v. Sellers, 182 Ala. 582, 62 South. 30. Plaintiff not having exhausted his remedies in the defendant order, his action is prematurely brought. State ex rel. McNeal v. Bibb St. Church, 84 Ala. 23, 4 South. 40; Simpson v. G. I. B., 83 W. Va. 355, 98 S. E. 580; Austin v. Dutcher, 56 App. Div. 393, 67 N. Y. Supp. 819; Lavalle v. Sociate, etc., 17 R. I. 680, 24 Atl. 467, 16 L. R. A. 392; Robinson v. B. R. T., 80 W. Va. 567, 92 S. E. 730, L. R. A. 1917E, 995; 24 Cyc. 828; 16 R. C. L. 423; 5 C. J. 1364; Crutcher v. O. R. C., 151 Mo. App. 622, 132 S. W. 307. Where it appears, as here, that passion rather than reason produced the result, the verdict will be declared excessive and reduced accordingly. U. S. F. & G. v. Millonas, 206 Ala. 147, 89 South. 732; Ala. Power Co. v. Talmadge, 207 Ala. 86, 93 South. 548; M. L. & W. P. Co. v. Thombs, 204 Ala. 678, 87 South. 205.

A. D. Pitts, of Selma, and Stokely, Scrivner, Dominick & Smith and Andrew J. Thomas, all of Birmingham, for appellee.

The defendant was suable in its associate name, irrespective of the act of 1921. United Mine Workers v. Coronado Coal Co., 259 U. S. 344, 42 Sup. Ct. 570, 66 L. Ed. 975; Code 1907, §§ 7322, 7323; Acts 1911, p. 322. It is within the province of the Legislature to change the remedy as to existing causes of action and pending suits. Skains v. Barnes, 168 Ala. 426, 53 South. 268; Brannon v. Henry, 175 Ala. 454, 57 South. 967; Willis v. State, 134 Ala. 429, 33 South. 226; Jeff. Co. Bank v. Miller, 145 Ala. 237, 40 South. 513; Lindsay v. U. S. S. & L. Co., 120 Ala. 156, 24 South. 171, 42 L. R. A. 783; State v. Teasley, 194 Ala. 574, 69 South. 723, Ann. Cas. 1918E, 347; State v. Gunter, 170 Ala. 165, 54 South. 283; State ex rel Carter v. Price, 50 Ala. 568; U. S. Heater Co. v. Iron Moulders, 129 Mich. 354, 88 N. W. 889. The central organization is bound by the acts of the local bodies or divisions. Loyal Order v. Kenny, 198 Ala. 332, 73 South. 519, L. R. A. 1917C, 469; 7 C. J. 1111; Thompson v. Grand Brotherhood, 41 Tex. Civ. App. 176, 91 S. W. 834; U. O. G. C. v. Hooser, 160 Ala. 334, 49 South. 354. Malmsted v. Eagles, 111 Minn. 119, 126 N. W. 486, 137 Am. St. Rep. 542; Schouten v. Alpine, 77 Misc. Rep. 19, 137 N. Y. Supp. 380; Mitchell v. Leach, 69 S. C. 413, 48 S. E. 290, 66 L. R. A. 723, 104 Am. St. Rep. 811; Order of Columbus, of Baltimore City, v. Fuqua (Tex. Civ. App.) 60 S. W. 1020. It was not necessary that plaintiff exhaust his remedies within the association before bringing this action. 19 R. C. L. 1227; Benson v. Screwmen's Asso., 2 Tex. Civ. App. 66, 21 S. W. 562; St. L. & S. W. v. Thompson, 102 Tex. 89, 113 S. W. 144, 19 Ann. Cas. 1250; Ind. Order v. Wilkes, 98 Miss. 179, 53 South. 493, 52 L. R. A. (N. S.) 817; National Counsel v. Hill, 208 Ala. 63, 93 South. 812; Roxbury Lodge v. Hocking, 60 N. J. Law 439, 38 Atl. 693, 64 Am. St. Rep. 596; Bonham v. Brotherhood, 146 Ark. 117, 225 S. W. 335; Bauer v. Sampson Lodge, 102 Ind. 262, 1 N. E. 571; Sup. Council v. Garrigus, 104 Ind. 133, 3 N. E. 818, 54 Am. Rep. 298; Central Lodge v. Grogan, 44 Ill. App. 111.

SAYRE, J. As shown by the report of a former appeal in this cause (G. I. B. of L. E. v. Green, 206 Ala. 196, 89 South. 435) the action was brought originally against the Grand International Brotherhood of Locomotive Engineers, an unincorporated association, individual members of the organization being joined as parties defendant, but, by amendment, the brotherhood became the sole party defendant. On the appeal which followed a judgment against the brotherhood, this court held that an unincorporated association, such as the defendant is, could not be sued as such, nor in the name of the association, without more.

Subsequently, October 28, 1921 (p. 14 of the Acts), the Legislature passed an act "providing for actions by and against unincorporated organizations or associations and regulating the procedure thereon." On April 25, 1922, defendant brotherhood was brought in by service on J. C. DeHoll who had been designated to the secretary of state as the agent on whom service might be had for the brotherhood. The cause proceeded then again to judgment against defendant; after which this appeal.

One important question on this appeal is whether this suit may be maintained against the defendant brotherhood, an unincorporated association. As one alternative answer appellee contends that the former decision of this court was in error, citing the recent ruling of the Supreme Court of the United States in United Mine Workers of America v. Coronado Coal Co., 259 U. S. 344, 42 Sup. Ct. 570, 66 L. Ed. 975. But that case in terms affirms the common-law rule to be that unincorporated associations of persons were not recognized as having any other character than a partnership in whatever they do, and could only sue or be sued in the names of its members, and their liability had to be enforced against each member; but it was further held that unincorporated labor unions had been recognized as distinct entities by numerous acts of Congress and were suable as such in the federal courts upon process served on their principal officers for the torts committed by them in strikes, and their strike funds subjected to execution. This places liability, so far as the federal courts are concerned, upon the statute law governing those courts, and in no wise impairs the integrity of our decision on the former appeal in this cause.

[1, 2] However, the act of October 28, 1921,

210 ALA.—32

supra, provided a rule of liability in this as in other causes of like character. It provided that "actions or suits may be maintained against and in the name of any unincorporated organization or association for any cause of action for or upon which the plaintiff therein may maintain such an action against the members of such organization or association" (section 2), and that "such organization or association shall be suable in any action now pending, or any cause of action now existing or hereafter arising" (section 4). This act—certainly in so far as it applies to causes of action subsequently arising—impairs no obligation of contracts, affects no vested rights, and was within the competency of the Legislature. It is a remedial statute, and must be liberally construed to advance the competent legislative purpose. As applied to transactions past at the time of its enactment it impaired no vested rights; it merely affects the mode of judicial procedure. Executions on judgments rendered in pursuance of the act are now leviable upon the property of the defendant organization or association and are thus made to reach property which, prior to the act, could not so be reached, nor at all except by a circuitous action through the individual members; but the ownership of any property or funds acquired by the association vests in the members jointly, and the act affects only the remedy by providing more direct access to such property. The act is therefore remedial in character, and its application to proceedings pending at the time of its enactment works no hardship or injustice, but, rather, protects and secures the existing rights of parties. Of the competency of the Legislature, in general, to enact such law there can be no doubt.

[3] The main argument for appellant on the question as to the operation of this act is based upon the proposition that it can take effect upon actions pending at the time of its passage—that is, retrospectively, as the argument puts it—only in virtue of the quoted provision making unincorporated associations suable in pending actions and on existing causes of action, and that so much of the act as purports to provide to that effect is of no constitutional validity, for the reason that no intimation of that purpose appears in the title of the act, citing Lindsay v. United States Savings & Loan Association, 120 Ala. 156, 24 South. 171, 42 L. R. A. 783. But in that case the court said: "There are statutes which may be enacted"—meaning validly enacted—"having general titles, and which may not by their terms show clearly the intent that they are to operate retrospectively," that is, upon pending actions and causes of action. "Remedial statutes, in regulation of judicial proceedings * * * are examples." The language we have quoted suffices for the purpose of this case; but we may with profit refer further to the analysis of that case

made in State ex rel. Brassell v. Teasley, 194 Ala. 574, 69 South. 723, Ann. Cas. 1918E, 347, where it was shown, without dissent on this point, that the only language of the title to the act brought to judgment in the Lindsay Case to which the provision purging building and loan contracts of the taint of usury could be referred—for there was no other to which it could be referred—was the following: "Defining premiums, fines and stock taken to represent premiums," and that, as for anything now in point, the quoted language of the title wholly failed to give intimation of the provision of the body of the act. Here the case is different. If the act here in question took away or impaired rights, vested agreeably to existing laws, according to a good general rule of law it should have no retrospect. Boyce v. Holmes, 2 Ala. 56. But, in order to enforce a pre-existent right, this act gives a new remedy, and it is a cardinal rule of construction that such acts must be liberally expounded, and, no legislative intention to the contrary appearing, must, in virtue of their remedial character without more, be held to embrace actions and causes of action existing prior to their enactment. Bartlett v. Lang, 2 Ala. 401; Elliott v. Mayfield, 4 Ala. 417; Yarborough v. Moss, 9 Ala. 382; Iverson v. Shorter, 9 Ala. 713; Skains v. Barnes, 168 Ala. 426, 53 South. 268; Brannon v. Henry, 175 Ala. 454, 57 South. 967; McBurney v. Carson, 99 U. S. 379, 25 L. Ed. 378. From these considerations and authorities is derived our conclusion that the language of the body of the act merely served to emphasize the legislative purpose that the act should have effect on pending actions and causes of action, as it would have had in the absence of such language, and hence that its omission from the title had no effect upon the validity of the act as measured by section 45 of the Constitution. Neither Wallace v. Bell, 205 Ala. 623, 88 South. 442, nor Barrington v. Barrington, 200 Ala. 316, 76 South. 81, nor any other of the cases cited on appellant's brief, require extended comment. It will be found on examination that, by the acts therein considered and declared inoperative in the circumstances shown, the Legislature undertook to create, not merely new remedies, but out of pre-existing facts to create new substantive rights, and that such efforts were decreed to fail, in some cases because they impaired vested rights; in others because in the circumstances of the acts and cases there in judgment it was considered necessary that the provisions in question should appear in the title as well as the body of the act.

From what has been written above will sufficiently appear our opinion that the trial court acted advisedly and without error in overruling various demurrers, pleas, and motions all which took the point that defendant, being at all times an unincorporated as-

sociation, was not suable in the present action.

[4] Several special pleas advanced the proposition that plaintiff had no standing in court by reason of the fact that he had not exhausted the remedy in such cases afforded by the law of the association for that he had failed to appear to the General Convention. If plaintiff had proceeded with the purpose merely to compel his restoration to membership, it would have been necessary that he first seek relief in the tribunal of final decision within the organization (State ex rel. McNeill v. Bibb Street Church, 84 Ala. 23, 4 South. 40; Medical & Surgical Society v. Weatherly, 75 Ala. 248)—this for the reason that the remedy in the courts is of such nature that it is allowed as a last resort. In the present case the plaintiff does not seek reinstatement; he seeks compensation in damages for the injury done to his personal and property rights by the wrongful, malicious, or wrongful and malicious, expulsion from the brotherhood. The authorities may not be in agreement as to whether in such case the plaintiff must need show that he has taken the judgment of the tribunal of last resort within the organization; but our judgment is that the better view is that the plaintiff in a case such as we have here need not allege or show that he has sought by appeal to avoid the decree of expulsion for the reason that a reversal of the decree would not afford full redress for the injury to his property rights and other damages suffered on account of his expulsion from the brotherhood. Thompson v. Grand International Brotherhood of Locomotive Engineers, 41 Tex. Civ. App. 176, 91 S. W. 834; 5 C. J. 1357. What is here said applies to special pleas 2, 5, and 7, demurrers to which were properly sustained in the trial court.

In appellant's brief there is some discussion of that assignment of error which is based upon an alleged ruling of the court sustaining, as against demurrer, count 3 of the complaint. The record shows a demurrer to count 3 of the amended complaint, but the judgment entry shows no ruling. There is therefore no basis for this assignment of error.

[5] It is also suggested that the Grand International Brotherhood should not be held answerable for what was done by the local branch at Selma in the absence of averment, and proof, that the parent organization actually participated in or ratified plaintiff's expulsion. That is precisely what the act intends to accomplish, subject, of course, to the rule affirmed in Supreme Lodge v. Kenny, 198 Ala. 332, 73 South. 519, L. R. A. 1917C, 469, where it is held that the parent organization is liable for the torts of its local branches done in the line and scope of its duties. Its effect is that the privilege of association must be accepted with the burden of liability for the acts of local branches, a liability which reaches only the funds of the association, not those of its individual members, unless individual members are sued. It may be admitted that the constitution, laws, and regulations of the brotherhood are in the nature of a contract between its members, and they, as well as the brotherhood, are bound thereby; that the courts are not disposed to interfere with the internal management of such associations; that the expulsion of a member, if for cause within the jurisdiction of the tribunal of the association by which it is pronounced, after notice and an opportunity to be heard and a trial conducted in accordance with the constitution, laws, and regulations of the association, is conclusive upon the civil courts; but the courts hold that such associations must act in good faith and must not violate the laws of the land or any inalienable right of their members. Medical & Surgical Society v. Weatherly, supra; Thompson v. Brotherhood, supra; Wilcox v. Supreme Council, 210 N. Y. 370, 104 N. E. 624, 52 L. R. A. (N. S.) 806, note.

[6] Evidence of the fact that plaintiff was by the decree of expulsion caused to lose the benefit of two insurance policies, which he had long held in an adjunctive corporation, was properly received as going to establish an element of recoverable damages.

[7] Charges requested by defendant, going to deny plaintiff's right to recover, were properly refused, and defendant's motion for a new trial was overruled without error. Under the evidence it was clearly open to the jury to find that the decree of expulsion was not based, bona fide, upon the charge preferred against plaintiff, but was induced by resentment of the fact that, when the strike of the railway brotherhoods was being discussed just prior to the declaration of a state of war between the United States and Germany, plaintiff declared his first allegiance to his country. Under no law of the brotherhood or of the land was this a just or sufficient ground for his expulsion, and upon the proof plaintiff was correctly allowed to have verdict and judgment.

[8] Defendant's motion for a new trial alleged, among other things, that the damages assessed were excessive and that the amount of the assessment showed that the jury had been actuated by bias, prejudice, or other improper motive. Pending this motion plaintiff remitted a part of the damages assessed, and, in agreement with the estimate thus shown, the motion was overruled and judgment entered for the sum of $17,500. Defendant insists upon error. The damages were excessive in the judgment of this court. But our further judgment is that on its general merits the case was clearly with plaintiff and the issues between the parties were due to be decided in his favor. The complaint states a case for punitive damages, and evidently the jury superadded such

damages to the substantial damages plaintiff was entitled to recover for the injury done to his personal and property rights. Damages allowed by the judgment of the trial court are still excessive, and this court, upon careful consideration of all the circumstances, has concluded that the damages allowed should be further reduced and the judgment rendered in the trial court reversed conditionally. U. S. Fidelity Co. v. Millonas, 206 Ala. 147, 89 South. 732. Accordingly the judgment will be reversed and the cause remanded, unless the plaintiff, within 30 days from this date, shall remit all damages in excess of $12,500; but, upon such remittitur entered of record, the judgment, as then reduced, will be affirmed.

Reversed conditionally.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.

## On Application for a Modification of the Opinion.

PER CURIAM. In passing upon the question whether the act of the Legislature, on which plaintiff based his right to proceed after the reversal on former appeal, was a remedial act, the court in effect passed upon all constitutional questions involved. The court, for reasons stated, was of opinion that the act was remedial and hence that by it defendant, appellant, was not deprived of any right or protection guaranteed to it by the state or federal Constitutions.