323 So.2d 346

**LOCAL #2206, AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, et al.**

v.

**Carl E. CHAMBLEE.**

**SC 1210.**

Supreme Court of Alabama.

Dec. 4, 1975.

George C. Longshore, Birmingham, for appellants.

John Martin Galese, Birmingham, for appellee.

MADDOX, Justice.

The issue in this case is whether a former member of a government employees' union was eligible for membership in the union as a "retired" member.

Carl Chamblee was a civil service employee with the United States government for several years. He was a member of Local #2206, American Federation of Government Employees, during part of this time. Chamblee left his government employment. Whether he "resigned" or "retired" is the basic dispute between him and his union. Chamblee was dropped from the membership rolls of the union. He sued the union and several of its officers, claiming that he was eligible for membership as "retired." He also asked for damages. The trial court found in his favor. The union appeals, claiming:

(1) Chamblee resigned from the federal service.

(2) Chamblee was not eligible to "retire" from the federal service.

(3) That "resign" and "retire" are not synonymous terms in the federal system and that the union follows this distinction in its membership and eligibility rules, and

(4) No "resigned" employee has ever held membership in Local #2206.

■ The union contends that it had the right, as a voluntary association, to make its own rules and regulations governing eligibility for membership, and that a member of a voluntary association must first exhaust internal remedies before filing suit. Chamblee agrees that the union had the right to make its own regulations, but he says that in administering its rules, the union must act in good faith and must not violate the laws of the land or the rights of their members, and that the union failed to follow those standards in his case. Chamblee also agrees that, as a general rule, a member of a voluntary association must first exhaust all internal remedies, but he claims that it would have been futile in his case to seek relief through union procedure because the individuals he named as defendants in the lawsuit were officers in control of all union channels of relief, and since he sought compensation in damages, he need not allege that he has sought relief through union channels. We agree with the contentions of the union in this particular case. In his lawsuit, Chamblee sought, and received, *reinstatement* in the union as a "retired" employee. Chamblee contends that this relief was proper since he claims damages, and that appeal within the union would not afford full redress. He cites *Grand International B. of L. Engineers v. Green,* 210 Ala. 496, 98 So. 569 (1923). As we read the *Grand International B. of L. Engineers* case, it stands for the proposition that when a member seeks "reinstatement," it is necessary for him to seek relief within the union first. This Court there held as follows:

"Several special pleas advanced the proposition that plaintiff had no standing in court by reason of the fact that he had not exhausted the remedy in such cases afforded by the law of the association for that he had failed to appeal to the General Convention. If plaintiff had proceeded with the purpose merely to compel his restoration to membership, it would have been necessary that he first seek relief in the tribunal of final decision within the organization (*State ex rel. McNeill v. Bibb Street Church,* 84 Ala. 23, 4 So. 40; *Medical & Surgical Society v. Weatherly,* 75 Ala. 248)—this for the reason that the remedy in the courts is of such nature that it is allowed as a last resort. In the present case the plaintiff does not seek reinstatement; he seeks compensation in damages for the injury done to his personal and property rights by the wrongful, malicious, or wrongful and malicious, expulsion from the brotherhood. The authorities may not be in agreement as to whether in such case the plaintiff must need show that he has taken the judgment of the tribunal of last resort within the organization; but our judgment is that the better view is that the plaintiff in a case such as we have here need not allege or show that he has sought by appeal to avoid the decree of expulsion for the reason that a reversal of the decree would not afford full redress for the injury to his property rights and other damages suffered on account of his expulsion from the brotherhood. *Thompson v. Grand International Brotherhood of Locomotive Engineers,* 41 Tex. Civ.App. 176, 91 S.W. 834; 5 C.J. 1357."

In his complaint, Chamblee affirmatively seeks "reinstatement." In essence, he sought to have the Court construe the constitution and bylaws of the union and to order his reinstatement as a "retired" member. Chamblee does not allege bad faith or discrimination in his complaint, but makes only a conclusionary assertion of arbitrariness. As was said in *Sharp v. Brotherhood of Locomotive Engineers,* 223 Ala. 202, 135 So. 327 (1931):

"The facts alleged are incompatible with any charge of fraud or unfair or arbitrary ruling, and no such charge is made, but they show only a construction of the rules of the order upon a matter as to which an honest difference of opinion may well appear to exist. But the courts are indisposed to interfere with the internal management of such organizations, and do not grant relief under

such circumstances. *Grand International B. of L. Engineers v. Green,* 210 Ala. 496, 98 So. 569, 572. As said by the West Virginia court in *Simpson v. Grand International B. of L. Engineers,* 83 W.Va. 355, 98 S.E. 580, 587; 'The construction of the organic agreement, bylaws, rules and regulations of a benefit society or other unincorporated voluntary association belongs, not to the court, but to the board, council, or other tribunal provided for the purpose in the organization, if any. So long as the body upon which this power of interpretation has been conferred does not substitute legislation for interpretation, nor transgress the bounds of reason, common sense or fairness, nor contravene public policy or the laws of the land, in their conclusions and decisions, the courts cannot interfere with them.' "

 Implicit in the court's decree ordering Chamblee's reinstatement is a finding that under the union's constitution and by-laws, Chamblee was a "retired" employee. The court erred in making this finding.[1]

Alabama follows the generally accepted view throughout the country that the court will not interfere with the internal operations of a voluntary association. The lower court violated this rule of "noninterference" and because of that, its judgment is due to be reversed and the cause is remanded.

Reversed and remanded.

HEFLIN, C. J., and MERRILL, JONES and SHORES, JJ., concur.

---

1. That the court misconstrued its role and undertook to interpret union rules is shown by the following colloquy:

"Q Well, let me ask you this, you're familiar with the constitution and by-laws of Local 2206?

"A Yes, sir.

"Q Now tell us the official position of Local 2206 with respect to the right of an employee who resigns from federal service as spposed to retires—that right to retain a membership in the local union.

"MR. GALESE: We object.

"THE COURT: Sustained. That involved the province of the Court, that is what I have got to decide from the evidence in this case—

"MR. LONGSHORE: Let me make a comment about the—

"THE COURT: His opinion about what the constitution says is not interesting to me any more than Mr. Chamblee's or anybody else.

"MR. LONGSHORE: Let me make this brief comment. I make this brief comment that I urge the Court to take his approach to this case that these people have a right as an organization, an unincorporated association, to make their rules and construe those rules."