FAULKNER, Justice.
This is an appeal from a final decree in the equity division of the Circuit Court of Jefferson County ordering the reinstatement of plaintiff, Ronald Spruell, to his former positions as recording secretary and committeeman of defendant Union, Local 583 of the International Brotherhood of Boilermakers, Iron Shipbuilders, Blacksmiths, Forgers and Helpers, AFL-CIO.
Sometime in June or July 1980, International representatives became aware of some apparent financial irregularities in the treasury of Local 583. Union representative Ron Spann was sent to Birmingham to investigate the situation. Spann’s investigation pointed to a possible mishandling or loss of thousands of dollars in local funds.
When Spann’s efforts to obtain the treasurer’s records proved unsuccessful, he sought to obtain the official minutes kept by the recording secretary, Ronald Spruell. The minutes contain documentation of all expenditures of local funds. Prior to the regular monthly meeting in July, Spruell’s office was vandalized and the official min *216 utes book was stolen. The notebook containing the rough minutes from each meeting was also reported missing. Consequently, Spruell was unable to present the minutes from the June meeting at the July meeting.
On July 15, the International President imposed an emergency trusteeship upon Local 583 pursuant to Article XVIII, Section 3[1], of the International Brotherhood Constitution. Thereafter, on July 18, written notice was given of a trusteeship hearing scheduled for July 28 to determine whether continued trusteeship was warranted. Grounds for continuation included the possibility of “dissipation or loss of funds or assets or financial malpractice or corruption or threat thereof” as set out in Article XVIII, Section 1, of the Union’s Constitution. All officers, including Spruell, were removed from office pending the outcome of the hearing. Spruell was further removed from his position as a member of the Bargaining Committee. The record shows that the July 18 notice was posted on at least five bulletin boards at the plant where Spruell worked and that Spruell had actual notice of the meeting. Spruell did not attend the meeting.
On August 7, the Executive Council voted to continue the trusteeship and Spruell became suspended indefinitely. The suspension in no way affected Spruell’s union membership.
On August 5, 1980, Spruell filed a complaint in equity alleging wrongful removal form his position on the Bargaining Committee. An ex parte restraining order, granted the same day, was subsequently dissolved on motion by the Union for failure to comply with the notice requirement of Rule 65, ARCP. Spruell then amended his complaint to allege that his removal from both union positions constituted an illegal invasion of his property rights without due process of law. The Union responded, asserting the International Brotherhood’s Constitution as express authority for the action taken. It denied any constitutionally protected property rights in the positions. The Union further asserted a counterclaim against Spruell to recover the missing minute books. After an ore tenus hearing, the trial court ordered that Spruell be reinstated to both positions. The Union appeals.
The principal issue to be resolved on this appeal is whether Spruell was, in fact, wrongfully removed from his union positions without due process. We hold that he was not.
The Union’s constitution clearly authorizes the removal of officers and other representatives during the trusteeship. Article XVIII, Section 2, provides:
The trustee so appointed shall be authorized and empowered to remove any or all officers and appoint temporary officers for the duration of his trusteeship and to remove or replace other representatives or employees of such trusteed body, and to take such other actions as in his judgment are necessary for the preservation of the subordinate body and its assets, all subject to the direction, instructions and approval of the International President.
There is no question that recording secretary is a union office for purposes of the preceding provision. The determination of whether a member of the Bargaining Committee is a union representative under the same provision is a matter for interpretation by the union. See Local # 2206 American Federation of Government Employees v. Chamblee, 295 Ala. 76, 323 So.2d 346 (1975). Implicit in the Union’s removal of Spruell from the Bargaining Committee is an interpretation that a committeeman is a union representative subject to provisions of Article XVIII. This *217 jurisdiction adheres to the majority view that courts will neither interfere with the internal operations of a voluntary organization nor substitute their own construction of rules, regulations, bylaws, constitutions, or other formal agreements for that of the organization where the organization’s interpretations are not contrary to the law or public policy. Local # 2206, supra. Implicit in the Union’s removal of Spruell from the Bargaining Committee is an internal interpretation that a committeeman is a union representative subject to removal under Article XVIII trusteeship provisions. Such an interpretation is not inconsistent with public policy or the law of the land.
We must next determine whether the removal provisions of Article XVIII are in derogation of the 14th Amendment requirement of due process. Spruell argues that he has constitutionally protected property rights in both positions which cannot be taken away without due process of law. He further contends that he has been denied due process because the union constitution fails to provide any appellate process for officers or representatives who are suspended during trusteeship. We find no merit in Spruell’s contentions.
The United States Supreme Court has clearly established that property interests derive from some “independent source such as state law” rather than from the Constitution. Board of Regents of State Colleges v. Roth, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). Alabama has never recognized a property interest in a union office or committee membership. We hold, therefore, that Spruell had no constitutionally protected property interest in the two positions which he held.
The Fourteenth Amendment provides safeguards against state action in violation of due process. There has been no such state action here. See Flagg Brothers, Inc. v. Brooks, 436 U.S. 149, 98 S.Ct. 1729, 56 L.Ed.2d 185 (1978); Food Employees v. Logan Plaza, 391 U.S. 308, 88 S.Ct. 1601, 20 L.Ed.2d 603 (1967).
Moreover, after a careful review of the record we find more than ample evidence to support the Union’s contentions that Spruell was afforded a definite opportunity to be heard prior to removal. The record indicates that although Spruell had actual notice of the nature and fact of the trusteeship hearing, he failed to attend. A trusteeship hearing is designed to give local members an opportunity to show why a trusteeship should or should not be imposed. The trusteeship hearing was Spruell’s opportunity to be heard.
REVERSED AND REMANDED.
TORBERT, C. J., and ALMON and ADAMS, JJ., concur.
EMBRY, J., concurs specially.

. Section 3. In any situation where, in the judgment of the International President, grounds for the establishment of a trusteeship exist, or grounds for suspension of a subordinate body officer exist, and in addition the activities of the subordinate body or of its officers or membership are such as to create an emergency imminently threatening the welfare, funds or property of the subordinate body in trusteeship, subject to a subsequent hearing by the Executive Council as set forth in Section 1 of this Article. Such hearing shall be held within fifteen (15) days after the imposition of such emergency trusteeship....