MADDOX, Justice
(dissenting).
The majority finds that this matter is now “moot, and the injunction by its own terms has expired,”[1] and concludes that the party enjoined is entitled to no relief.
Talladega Little League, Inc., has contested the validity of the injunction here and has asked that this Court hold that the injunction was wrongfully obtained. The injunction was permanent in nature and is not necessarily “moot,” and even if the *388 injunction, by its terms, has expired,[2] that does not mean that the party enjoined is not entitled to recover if the injunction was wrongfully obtained. Clearly, the injunction should not have issued.
The party obtaining the injunction against the Talladega Little League posted an injunction bond, which provided, in part, as follows:
“Know all men by these presents: That we, James W. Anderson and Sureties, are firmly bound unto Talladega Little League Incorporated, Tony Sisk, President of Talladega Little League Incorporated, Tony Sisk, Individually, Roy' Bean, Steve Freeman, Susan Bean, Ivan Fuller, Bobby Lumpkin and Sherry Till-ery, all as Board Members and/or agents of Talladega Little League, Incorporated, in the sum of One Thousand Dollars ($1,000.00), to be paid to the said Tallade-ga Little League Incorporated, Tony Sisk, President of Talladega Little League Incorporated, Tony Sisk, Individually, Roy Bean, Steve Freeman, Susan Bean, Ivan Fuller, Bobby Lumpkin and Sherry Tillery, all as Board Members and/or agents of Talladega Little League, Incorporated, for the payment of which, well and truly to be made, we bind ourselves, jointly and severally, and each of us, our heirs, executors, and administrators, firmly by these presents. And, as against this bond we, and each of us, hereby waive all exemptions as to personal property.
“The condition of the above obligation is such, that whereas, Plaintiff has. caused to be issued a Temporary Injunction prohibiting Talladega Little League Incorporated, Tony Sisk, President of Talladega Little League Incorporated, Tony Sisk, Individually, Roy Bean, Steve Freeman, Susan Bean, Ivan Fuller, Bobby Lumpkin and Sherry Tillery, all as Board Members and/or agents of Tal-ladega Little League, Incorporated, or anyone at its/their direction, from prohibiting Plaintiffs participation in little league baseball, until further ordered by this Court; that as a condition of the issuance of the temporary injunction, a bond is required to be made payable to the Defendants, Talladega Little League Incorporated,. Tony Sisk, President of Talladega Little League Incorporated, Tony Sisk, Individually, Roy Bean, Steve Freeman, Susan Bean, Ivan Fuller, Bobby Lumpkin and Sherry Tillery, all as Board Members and/or agents of Tal-ladega Little League, Incorporated, for costs, damages and reasonable attorney’s fee as may be incurred or suffered by the Defendant, Talladega Little League Incorporated, Tony Sisk, President of Talladega Little League Incorporated, Tony Sisk, Individually, Roy Bean, Steve Freeman, Susan Bean, Ivan Fuller, Bobby Lumpkin and Sherry Tillery, all as Board Members and/or agents of Tal-ladega Little League, Incorporated, if the temporary injunction is found to be wrongfully issued.
“Now, therefore, if the said temporary injunction is not determined to be wrongfully issued, then this obligation is to be *389 null and void, otherwise to remain in full force and effect.
“And, we, and each of us, hereby waive all rights to or claim of exemption as to personal property we or either of us have now or may have, under the Constitution and Laws of Alabama, or any other state, and we hereby severally certify that we have property free from all encumbrances to the full amount of the above bond.” (Emphasis added.)
The majority, finding the matter “moot,” does not address whether the injunction was wrongfully issued. In my opinion, it is clear that the injunction was wrongfully issued, because Talladega Little League, Inc., is a voluntary association, and this Court has consistently adhered to the principle that a voluntary association has a right to conduct its affairs without judicial interference, Local No. 2206, American Federation of Government Employees v. Chamblee, 295 Ala. 76, 323 So.2d 346 (1975); In re Galilee Baptist Church, 279 Ala. 393, 186 So.2d 102 (1966), subject to certain well-defined exceptions not applicable here, see Discon v. The Club, Inc., 408 So.2d 76 (Ala.1981), and Wells v. Mobile County Bd. of Realtors, 387 So.2d 140 (Ala.1980).
This case is not different from those in which the Alabama High School Athletic Association has been involved, and this Court has stated on more than one occasion that a courtroom is not the proper field of competition for athletes. See Alabama High School Athletic Association v. Rose, 446 So.2d 1 (Ala.1984); Kubiszyn v. Alabama High School Athletic Association, 374 So.2d 256 (Ala.1979).
The “temporary restraining order” provided that Talladega Little League, Inc., was restrained and enjoined “from prohibiting the Plaintiff, Blake G. Anderson, from participating in the Minor League of the Little League baseball program within the City of Talladega, Alabama, pending further orders of this Court.” (Emphasis added.) There is nothing in the record to indicate that this injunction has been modified; therefore, there is nothing to indicate that the injunction is not still in effect or that it would be limited in its effect to the 1989 season. Furthermore, if the injunction was wrongfully issued, then Talladega Little League, Inc., is clearly entitled to a judicial determination that the injunction was wrongfully issued, so that the Little League could show that a condition of the bond has been breached, giving rise to an action to recover under the terms of that bond. “[WJhere the injunction is ineffective merely because the act was completed before issuance, defendant may be entitled to a dissolution and to his expenses in securing it.” 43A C.J.S. Injunctions § 314, at 695 (1978).
In this case, the bond was conditioned upon the plaintiff's having rightfully obtained the injunction. We should not, based upon a claim that the issue is “moot,” refuse to decide whether the injunction was rightfully or wrongfully issued. Clearly, the issue is not moot. I respectfully dissent.
HORNSBY, C.J., and HOUSTON and KENNEDY, JJ., concur.

. I note that this petition for writ of mandamus was filed with this Court while the Little League season was still in progress and while the petitioner was under the injunction. If this matter has become moot, it is, at least partially, because of delay while the matter was pending before this Court.

. Even though styled "Temporary Restraining Order,” the order reads as follows:
"Ordered, adjudged and decreed as follows:
"1. That the defendant, Talladega Little League Incorporated and Tony Sisk, as President of Talladega Little League Incorporated, Tony Sisk, Individually, Roy Bean, Steve Freeman, Susan Bean, Ivan Fuller, Bobby Lumpkin and Sherry Tillery, as Board Members and/or agents, servants or employees of Talladega Little League Incorporated, are hereby restrained and enjoined from prohibiting the Plaintiff, Blake G. Anderson, from participating in the Minor League of the Little League baseball program within the City of Talladega, Alabama, pending further orders of this Court.
"2. That Talladega Little League Incorporated, shall immediately assign the Plaintiff, Blake G. Anderson, to a team within the Minor League of its baseball program, and the said Blake G. Anderson shall be allowed to participate in said team, as would any other member thereof, and without the denial of any privileges thereof, pending further orders of this Court.
"3. That the presence of the Plaintiff on any team within the Little League shall not be grounds for protest or forfeit of any game, or any other adverse action taken by the League or its members against the Plaintiff or his team, pending further order of this Court.
"4. The foregoing order is conditioned on filing a good and sufficient bond in the sum of $1,000.00 to be approved by the Circuit Clerk."