In the Matter of the Application of Lesser Brown, Respondent, for a Writ of Mandamus against The Supreme Court of the Independent Order of Foresters, Appellant.

1. Benefit Association — Unreasonable By-Laws Cannot Deprive Members of Their Rights. By-laws of a mutual benefit association, in so far as they attempt to make the default or misconduct of its own agent and officer in failing to pay over moneys received for dues and assessments the default and misconduct of the members, who pay them precisely as directed therein and on account of such default deprive them of their rights as members, including a forfeiture of their insurance, are unreasonable and void, and have no effect upon the status of members in good standing.

2. Same. The fact that in such a case, if a suspended member is denied reinstatement, the constitution and by-laws provide that he may appeal to

various courts or tribunals within the association, and that no member shall be entitled to bring any civil action or legal proceeding until he shall have exhausted all the remedies by such appeals, does not debar him from any remedy or relief in the courts of this state, in a case where the obstacles to the prosecution of an appeal amount to almost a denial of justice, and where, if prosecuted, no relief would result therefrom.

*Matter of Brown* v. *Supreme Court of Order of Foresters*, 66 App. Div. 259, affirmed.

(Argued June 23, 1903; decided October 6, 1903.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered November 21, 1901, affirming a judgment in favor of plaintiff entered upon a decision of the court at a Trial Term without a jury.

The nature of the proceeding and the facts, so far as material, are stated in the opinion.

*O. P. Stockwell* for appellant.   The certificate of membership and the constitution and laws constitute the contract of insurance, and the rights of all parties are to be determined thereby.  (*Collins* v. *Collins*, 30 App. Div. 343 ; *Matter of E. R. F. L. Assn.*, 131 N. Y. 369 ; *Meyers* v. *Masonic Guild*, 126 N. Y. 615 ; *Syuchar* v. *W. C. Assn.*, 14 Misc. Rep. 11 ; *Willison* v. *J. & T. Co.*, 30 Misc. Rep. 198 ; *Sabin* v. *Phinney*, 134 N. Y. 428 ; *Hellenberg* v. *Dist. No. 1, I. O. B. B.*, 94 N. Y. 580 ; *Austin* v. *Dutcher*, 56 App. Div. 393 ; *Hutchinson* v. *Supreme Tent*, 68 Hun, 355 ; *Belton* v. *Hatch*, 109 N. Y. 593 ; *Anacosta Tribe* v. *Murbach*, 13 Md. 91.)  The provisions in the constitution and laws of the defendant providing for an adjustment and settlement within its own body by the several tribunals therein made without litigation before the right of action shall accrue is a wise and lawful one.  (*D. & H. C. Co.* v. *P. C. Co.*, 50 N. Y. 250 ; *Lafond* v. *Deems*, 81 N. Y. 507 ; *Matter of N. Y., L. & W. R. R. Co.*, 98 N. Y. 447 ; *Lewis* v. *Wilson*, 50 Hun, 166 ; 121 N. Y. 284 ; *Warner* v. *S. C. C. M. F. S. Ins. Assn.*, 39 N. Y. S. R. 649 ; *Poultney* v. *Bachman*, 31 Hun, 49 ; *McCabe* v. *F. M.*

*Soc.,* 21 Hun, 149; *Spink* v. *C. F. Ins. Co.,* 25 App. Div.
484; *Rood* v. *R. P., etc., M. B. Assn.,* 31 Fed. Rep. 62;
*Myers* v. *Jenkins,* 57 N. E. Rep. 1089.)   The contention that
the contract under discussion is unreasonable and void is
untenable. (*Spink* v. *C. F. Ins. Co.,* 25 App. Div. 484;
*Supreme Council* v. *Forsinjer,* 125 Ind. 52; *Pierce* v. *Dela-
mater,* 1 N. Y. 17; *Oakley* v. *Aspinwall,* 3 N. Y. 553; *Fry*
v. *Bennett,* 28 N. Y. 329; *Judkins* v. *U. M. F. Ins. Co.,* 39
N. H. 172; *People* v. *St. George Soc.,* 28 Mich. 261; *Sperry's
Appeal,* 116 Penn. St. 391.)

*David Ruslander* for respondent.   The provision of the
defendant's constitution that in case of disputes the members
shall exhaust their remedy in the order before resorting to a
court of law is unreasonable and cannot be enforced.
(*Bukofzer* v. *U. S. Grand Lodge,* 40 N. Y. S. R. 653;
*Brown* v. *Supreme Court I. of F.,* 34 Misc. Rep. 556; *Peo-
ple ex rel.* v. *M. M. P. Union,* 118 N. Y. 101; *Loubat* v.
*Le Roy,* 40 Hun, 546.)   The subordinate lodges are in all
transactions the agents of the supreme lodge. (*Knights of
Pythias* v. *Withers,* 59 U. S. App. 177; 177 U. S. 260;
*Shunch* v. *G. W. W. Fond,* 44 Wis. 369; *Murphey* v. *Sons
of Jacob,* 77 Wis. 830; *Tribe of Ben Bur.* v. *Hall,* 24 Ind.
App. 316; *Erdman* v. *M. Ins. Co.,* 44 Wis. 376; *Scheu* v.
*Grand Lodge,* 17 Fed. Rep. 214; *Barbara* v. *Accidental
Grove, etc.,* 4 Mo. App. 429; *Watson* v. *Jones,* 13 Wall. 679;
*Sprague* v. *H. P. Ins. Co.,* 69 N. Y. 129; *Whited* v. *G. F.
Ins. Co.,* 76 N. Y. 415; *Partridge* v. *C. F. Ins. Co.,* 17 Hun,
95.)   Constitutions and by-laws should be reasonable. (*Brady*
v. *Cochrane,* 39 N. Y. S. R. 181; *Carton* v. *Father
Matthew, etc.,* 3 Daly, 20; *Kent* v. *Q. M. Co.,* 78 N. Y. 159;
*People* v. *McDonough,* 8 App. Div. 591; 1 Bacon on Ins.
§ 82.)

O'BRIEN, J.   The courts below have adjudged that the
plaintiff or relator was entitled to a peremptory writ of man-
damus commanding the defendant to reinstate the relator in

all his rights and privileges as a member of the order of Foresters in good standing upon payment by him of such dues and assessments as have accrued since the date of his suspension and further that the relator recover his costs of the proceedings. This appeal presents the question whether the relator was entitled to that relief upon the undisputed facts.

The defendant is a foreign corporation, organized under the laws of Canada on the fraternal and mutual benefit plan, doing business in this state. The purposes of the corporation, the rules for its government and the rights, duties and obligations of the members, are embodied in the constitution and by-laws. The corporation has made a very liberal use of the power to enact by-laws, since it appears from the record that at least two hundred and fifty-eight sections were in force at the time of the several transactions out of which this controversy arises. These sections constitute an elaborate and somewhat complicated code of laws, many of which are quite drastic in their operation upon the rights of members as will presently appear. One of the primary and principal purposes of the corporation was to insure the lives of its members and to afford them assistance in case of physical disability or sickness as prescribed in the law of its creation. It is admitted that on the last day of September, 1900, the relator was a member in good standing of the organization and of one of its subordinate lodges in this state, and was insured in the defendant in the sum of $1,000 ; that all his dues and assessments as a member of the order and as the holder of such insurance, which by the constitution and by-laws of the defendant he was required to pay, were fully paid up to that date. In fact there is no claim made by the defendant that the relator ever was personally in default with respect to any duty or obligation to the defendant concerning the insurance or his status as a member of the organization, but, notwithstanding all this, the defendant's contention is that he has ceased to be a member of the order and has lost all rights as such member, including a forfeiture of the insurance.

A brief review of the argument in support of this proposi-

tion is all that is necessary to the disposition of this appeal. The by-laws provide that the relator's dues and assessments were to be paid to the financial secretary of the subordinate lodge or court, as it is called, and he complied with this requirement and made the payments accordingly. But the by-laws also provide that its own officer, thus receiving the money, shall be deemed to be the agent of the member making the payment, and any default on the part of that officer to transmit the money to the principal office shall be imputed to the member, and not until the money is actually transmitted to the defendant's proper officer, at the principal office, is the obligation of the paying member discharged. In this case it appears that the financial secretary of the relator's lodge did not transmit the funds but made default in that respect. The by-laws then provide that any subordinate lodge or court, not transmitting the funds so received on the first day of the succeeding month and so continuing in default until the end of the month shall *ipso facto* be deemed to be suspended on the first day of the succeeding month. This suspension affects not only the subordinate court, as such, but the whole body of its membership and thus the innocent and the guilty are cut off from all the benefits of the association, through the default or misconduct of the defendant's own agent, and without any fault of their own.

It is true that the member may be reinstated when the default has ceased, but not unless he is able to present a certificate of good health or to pass the medical board. The relator attempted to comply with this provision but was unable to procure the certificate of good health or pass the medical examination, as his physical condition was impaired in consequence of an operation performed after he became a member and while in good standing, and so his application for reinstatement was rejected.

The constitution and by-laws provide for appeals from decisions of this character to various courts or tribunals within the order and that no member shall be entitled to bring any civil action or legal proceeding until he shall have exhausted

all the remedies by such appeals.    The tribunal of last resort
of the order is called the supreme court, but it is found that
no session of that body was held after the suspension of the
relator and before the 30th day of January, 1901, when this
proceeding was commenced, and that none could be held until
the second Tuesday in April, 1902, and then in the city of
Los Angeles in the state of California.    It is argued that
these regulations or laws debar the relator from any remedy
or relief in the courts of this state.    Conceding that the con-
stitution and by-laws of the defendant are a part of the con-
tract between the parties and the general rule that the law
permits great freedom of action in making contracts, there
are some restrictions placed upon that right by legislation, by
public policy and by the nature of things.    As this court has
said in a recent case: " Parties cannot make a binding con-
tract in violation of law or of public policy.    They cannot in
the same instrument agree that a thing exists and that it does
not exist, or provide that one is the agent of the other and at
the same time and in reference to the same subject, that there
is no relation of agency between them.    They cannot bind
themselves by agreeing that a loan, in fact void for usury, is
not usurious, or that a copartnership, which actually exists
between them, does not exist.    They cannot by agreement
change the laws of nature, or of logic, or create relations
physical, legal or moral, which cannot be created.    In other
words, they cannot accomplish the impossible by contract."
(*Sternaman* v. *Met. Life Ins. Co.*, 170 N. Y. 13.)    In so far as
the defendant attempted by the enactment of by-laws to make
the default or misconduct of its own agent and officer the
default and misconduct of the members, who had paid their
dues and assessments precisely as the regulations required, its
action was nugatory.    No corporation can be deemed to pos-
sess the power to visit upon its members the consequences of
a default in the payment of funds by its agent and officer to
the extent of excluding the members from all their rights and
virtually expelling them for such reason from the organization.

The learned courts below have held that the by-laws had

no effect upon the status of the relator as a member of the order in good standing for the reason that in so far as they deprived him of the rights acquired by his membership they were unreasonable and void. We fully concur in this view of the case and in the reasons stated in support of it in the learned opinion below. The defendant had no power, under the circumstances of this case, to deprive the relator of the right to resort to the civil courts for redress, or to compel him to seek his remedies by appeal to the various judicatories erected within the order. The manner in which these courts are organized, the expense and delay involved in procuring a hearing in another and very remote jurisdiction, were obstacles that amounted almost to a denial of justice. But it is plain that such an appeal could result in no relief to the relator, since, under its own laws, the defendant could not reinstate him without the medical certificate, and it was impossible to procure that.

We think that the judgment is right and must be affirmed, with costs.

PARKER, Ch. J., BARTLETT, VANN, CULLEN and WERNER, JJ., concur; MARTIN, J., absent.

Judgment affirmed.