(123 So. 222)

**BOWEN v. MORRIS et al.   (8 Div. 82.)**

Supreme Court of Alabama.   June 27, 1929.

E. W. Godbey, of Decatur, for appellant.

W. H. Long, of Decatur, for appellees.

BOULDIN, J. Appeal from decree dissolving a temporary injunction for want of equity in the bill.

The bill of complaint, to state its essence, makes the following case:

Complainant is now, and has for 16 years been, employed as a trainman of Louisville & Nashville Railroad Company; for the past 11 years has been a locomotive fireman, earning fairly lucrative wages. Complainant and family are dependent on such wages for a livelihood.

A rigid custom of the employer is to discharge an employé whose wages are garnished for the third time. Two garnishments have been run, and a third would result in his discharge.

Some six months prior to filing the bill, complainant borrowed from respondent Morris $8 and no more, giving a note for $10. Semimonthly thereafter complainant paid $6 for 5½ months on account of such loan, and a further payment of $15. Notwithstanding this loan was long overpaid, and complainant owed no other debt, respondent presented a bill through a justice of the peace, who is also made respondent, for some $91, and under threat to "tie you up and get your job" complainant was induced to execute a new note with waiver of exemptions, and carrying an assignment of wages as security therefor. If such assignment is "turned in" to the employer, this will result in complainant's discharge. The bill avers further demands for payment, and that unless restrained respondents will cause his wages to be garnished, and consequent loss of employment. Complainant has no contract for a definite term of service. While denying any indebtedness, complainant offers to do equity and pay any sum found due.

The injunction prayed and issued restrained respondents from causing to issue any writ of garnishment against the employer and from turning in the assignment of wages. The bill further prayed that the court ascertain whether complainant owed anything and the amount thereof, permit the payment of same into court, make the injunction perpetual, and decree general relief.

If these allegations be true, has complainant a case for injunctive relief?

Is the remedy at law complete and adequate within the rules defining equity jurisdiction?

If respondent's claim is spurious, if his present note and security was acquired without consideration and pursuant to the oppressive methods of the "loan shark" as averred, complainant can show such facts and defeat the garnishment suit, as well as sue on the garnishment bond or in case for legal damages. The controlling question is: Does the wrongful action threatening the relation between the complainant and his employer justify resort to injunction?

The right to conduct one's business without the wrongful interference of others is a valuable property right which will be protected, if necessary, by injunctive process. Hardie-Tynes Mfg. Co. v. Cruise, 189 Ala. 66, 66 So. 657.

We have declared a competitor in business injuriously affected by a course of business pursued by his rival in violation of a duty to the public is entitled to injunctive relief. Tallassee Oil & Fertilizer Co. v. H. S. & J. L. Holloway, 200 Ala. 492, 76 So. 434, L. R. A. 1918A, 280. See, generally, 32 C. J. 155, § 209.

One's employment, trade, or calling is likewise a property right, and the wrongful interference therewith is an actionable wrong. United States Fidelity & Guaranty Co. v. Millonas, 206 Ala. 147, 89 So. 732, 29 A. L. R. 520; Tenn. Coal & Iron Co v. Kelly, 163 Ala. 348, 50 So. 1008; Sparks v. McCreary, 156 Ala. 382, 47 So. 332, 22 L. R. A. (N. S.) 1224.

The Millonas Case, supra, involved the wrongful procurement of the discharge of an employé. That the employé had no defined tenure of service, but the relation was subject to termination at the will of the parties, was held not to defeat the right of action. It was further held that under the circumstances of that case, damages were recoverable for mental anguish. We note the authorities cited in support of our ruling on this point are Lopes v. Connolly, 210 Mass. 487, 97 N. E. 80, 38 L. R. A. (N. S.) 986, and Doucette v. Sallinger, 228 Mass. 444, 117 N. E. 897.

In the later case of Raulins v. Levi, 232 Mass. 42, 121 N. E. 500, the Supreme Judicial Court of Massachusetts has declared that presenting to the employer an assignment of wages which had ceased to be of force was oppressive, and the employé is entitled to an injunction and cancellation.

Ferrell v. E. W. Greenway & Co., 157 Ga. 535, 122 S. E. 198, is quite on all fours with this case. Garnishment based upon an illegal demand, which threatened the employment of complainant under the rules of the employer, was declared to present a meritorious case for injunctive relief.

For other cases touching injunctions for wrongful interference with a lawful business or employment, see Walker v. City of Birmingham, 216 Ala. 206, 112 So. 823; Watson v. Sutherland, 5 Wall, 79, 18 L. Ed. 580; Dingley v. Buckner, 11 Cal. App. 181, 104 P. 479.

On these authorities and the sound principles underlying them, we are at the conclusion the remedy at law for the wrongful acts here complained of is not full, complete, and adequate.

Necessarily, the actual damages resulting from a discharge of this complainant by his employer, severing his long relations, and putting him to the task of finding a new job, may be one for which he is untrained, is quite indefinite. This is rendered more uncertain because of no fixed tenure of employment. Moreover, we have held that wounded feelings, the humiliation, and anxiety to result from such wrongful act of respondent is proper matter of damages. But such damages are not subject to any pecuniary standard of measurement. This fact is one recognized as a basis for injunctive relief. 32 C. J. 136, § 181.

Awaiting the uncertainties as to quantum of damages, the delay in recovery which within itself, in a case like this, may increase them, are matters going to the adequacy of legal remedies.

Dealing with the assignment of wages in the nature of a pledge involves something of a trust relation on the part of the holder. Relief by injunction to prevent the oppressive use of the power of sale in a mortgage is fully recognized on the idea of a breach of trust. Ballenger v. Price, ante, p. 412, 122 So. 628.

Even stronger reasons suggest injunctive relief against oppressive use of a spurious security as here alleged.

The trial court erred in holding there is no equity in the bill; that relief at law is adequate and complete.

The trial court expressed no views on the motion to dissolve on the further ground of the denials in the answer.

The denials are quite general, viz.:

"Respondents deny the allegations of fact contained in paragraph two of the bill," and repeating the same form through all the succeeding paragraphs.

Among these paragraphs are those setting up that respondent has a note with assignment of wages. But further on in the answer such a note and assignment are set out. The answer alleges respondent let complainant have $99 (the face of the note) in cash, and took the note and assignment as security.

The note is a demand paper reciting that it is "for advances furnished me or agreed to be furnished me."

The answer is verified as true "to the best of his knowledge, information and belief." In view of the form of the answer and its verification, as well as the fact that injunctive relief is the prime object of the bill, and

in view of the possible injury to complainant by a dissolution, in advance of a hearing on the merits, and the apparent absence of injury to respondents in the meantime, the injunction should be retained for a hearing on the merits. The decree dissolving the temporary injunction is reversed and vacated and one here rendered reinstating same, and the cause is remanded.

Reversed, rendered, and remanded.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.