16 So.2d 705

### LOCAL UNION NO. 57, BROTHERHOOD OF PAINTERS, DECORATORS AND PAPERHANGERS OF AMERICA, et al. v. BOYD.

6 Div. 190.

Supreme Court of Alabama.

Feb. 3, 1944.

232

Beddow, Ray & Jones, of Birmingham, for appellants.

Horace C. Wilkinson, of Birmingham, for appellee.

234

averments of fact are considered as admitted to be true. These facts are alleged in the bill with much particularity, and with the exhibit thereto, constituted a rather lengthy pleading. This was justified upon the theory that complainant was seeking a preliminary mandatory injunction, where the rule requires that the case be a very strong and urgent one to induce the court to issue the writ. Pennsylvania R. Co. v. Kelley, 77 N.J.Eq. 129, 75 A. 758, 140 Am.St.Rep. 541; Powhatan Coal & Coke Co. v. Ritz, 60 W.Va. 395, 56 S.E. 257, 9 L.R.A.,N.S., 1225; 28 Am.Jur. p. 214. The salient features of the bill appear in the report of the case and need no repetition here.

Of course, it is well understood that courts are indisposed to interfere with the internal management of an unincorporated, voluntary association as is here involved. We have held that the right of a voluntary association to interpret and administer its own rules and regulations is as sacred as the right to make them, and there is no presumption against just and correct action or conduct on the part of its supervising or appellate authorities and tribunals. However, in line with the current of authority elsewhere, this court has held that such associations must act in good faith, and not violate the laws of the land or any inalienable right of their members. The constitution, laws, and regulations of such associations are in the nature of a contract between it and its members, and they, as well as the association, are bound thereby; and the expulsion of a member, if for cause within the jurisdiction of the tribunal of the association by which it is pronounced, after notice and opportunity to be heard and a trial conducted in accordance with the constitution, laws, and regulations of the association, is conclusive upon the civil courts. But, as we have previously observed, the courts are largely in accord that such associations must act in good faith. These principles were recognized in Grand Int. Brotherhood v. Green, 210 Ala. 496, 98 So. 569; and reiterated in Shaup v. Grand Int. Brotherhood, 223 Ala. 202, 135 So. 327; and News Employees Benevolent Society v. Agricola, 240 Ala. 668, 200 So. 748.

The above cases also clearly demonstrate, in connection with the facts alleged in the bill, that complainant's membership in the national organization and in Local 57 was a valuable property right. Though

GARDNER, Chief Justice.

Upon consideration of demurrer to the bill, it is of course understood that

this conclusion seems to be questioned in brief of counsel for defendants, we think it is too well disclosed from the averments of the bill to call for further discussion here. The case of Lehmann v. State Board of Pub. Accountancy, 208 Ala. 185, 94 So. 94, upon which counsel for defendants lay some stress, is not analogous as to the facts, and is inapplicable to the situation here presented.

■ But complainant had involved another valuable right; i. e., the right of every individual to accept and retain employment without malicious interference by third persons. This right was recognized and enforced in United States Fidelity & Guaranty Co. v. Millonas, 206 Ala. 147, 89 So. 732, 29 A.L.R. 520; the principle of which was followed in the more recent case of Carter v. Knapp Motor Co., 243 Ala. 600, 11 So.2d 383, 144 A.L.R. 1177, wherein this court recognized that the right to conduct one's business without wrongful interference of others is a valuable property right which will be protected, if necessary, by injunctive process. See also Bowen v. Morris, 219 Ala. 689, 123 So. 222, 223. Under all these authorities, therefore, complainant shows a wrongful and malicious interference with a valuable property right, not only as a member of the national organization and Local 57, but also as an individual seeking to earn a livelihood.

■ It is clear enough, we think, from the averments of the bill, that complainant had no complete and adequate remedy at law. Certainly, a suit for damages would have availed him little. In Bowen v. Morris, supra, we observed that the matter of "awaiting the uncertainties as to quantum of damages, the delay in recovery which within itself, in a case like this, may increase them, are matters going to the adequacy of legal remedies." This language is peculiarly applicable as to complainant's employment by the contractor corporation; and as to his membership in the Brotherhood, the averments of the bill disclose a practical impossibility for ascertainment of the damages due to his expulsion. For twenty-five years he had been a member of the organization in good standing. He is a resident of the Birmingham district, and from the averments of the bill his membership is essential in order to get employment. All of this is proper to be

considered, too, in connection with his damaged reputation as an expelled member.

■ Clearly enough, also, the remedy by mandamus pursued in the case of Weatherly v. Medical & Surgical Society, 76 Ala. 567, would not furnish complainant adequate relief in a case of this character. The bill discloses that the contractor corporation was anxious for him to resume his work, and that he was greatly needed on the job. It was a war emergency contract where avoidance of delay was essential. The courts have very generally granted equitable relief in cases of this character. Fritz v. Knaub, 57 Misc. 405, 103 N.Y.S. 1003; Matter of Brown v. Supreme Court I. O. F., 176 N.Y. 132, 68 N.E. 145; Rueb v. Rehder, 24 N.M. 534, 174 P. 992, 1 A.L.R. 423; Independent Order, etc., of America v. Wilkes, 98 Miss. 179, 53 So. 493, 52 L.R.A.,N.S., 817; Gilmore v. Palmer, 109 Misc. 552, 179 N.Y.S. 1.

■ But counsel for defendants strenuously insist the bill is without equity for its failure to disclose that complainant had exhausted his remedy within the organization. This is, of course, the generally accepted rule (4 Am.Jur. p. 475), and so recognized by this court in Grand Int. Brotherhood of L. Engineers v. Green, supra. But this rule is not without its exceptions, based upon reason and common sense. If requiring exhaustion of internal remedies would, under the circumstances, be unreasonable and a practical denial of justice, or if it is clear that exhausting its internal remedies would be a vain and useless undertaking, such a course is not a condition precedent to equitable relief. 4 Am.Jur. p. 475; note to Louisville & N. R. Co. v. Miller, 142 A.L.R. 1069. The case of Rueb v. Rehder, supra, from the New Mexico court, recognizes this exception and cites numerous authorities in its support. That court, however, goes still further and notes many cases in support of the view that, where the action of the order is without jurisdiction, or without notice or authority, it does not change the legal status of anyone, and that the obligation to appeal within the order is not imposed when the judgment is void for want of jurisdiction. One of the grounds there considered for declaring the order without jurisdiction was the failure to give the accused member proper notice after the charge was made against him.

236

But the exigency of this case does not require us to go that far. This for the reason we think the bill clearly shows that an exhaustion of the remedies within the national organization would, as to this complainant, amount to a practical denial of justice and would be a vain and useless undertaking. The general executive board, which was to review his appeal, would not meet, in a distant city, for some time; and in response to his letter the president notified him that he could only give orders as directed by the board in due course. Counsel for defendants lay some stress upon the report of one Gill, who had been ordered to investigate the matter, and the telegrams from the president and general secretary-treasurer of the national organization stating their view that the trial was illegal because the trial committee had upon its members who were directly interested in the result, and that complainant should be reinstated. Our attention is not directed to any constitutional provision or by-law of the national organization which would absolutely require Local 57 to act in obedience to these telegrams. The case was yet on appeal to the executive board which, as we understand it, was the appellate tribunal for its consideration.

But, however that may be, the bill discloses that Local 57 failed or refused to reinstate him, and that in fact the named defendants, who complainant alleges formed a conspiracy to expel him from the order so that he would be deposed as superintendent on the job, were in full control of the business and affairs of Local 57, and had reiterated their determination to see that his expulsion was brought about. These averments are also to be considered in connection with others to the effect that the named defendants, denominated in the bill as conspirators, and, as stated, in full control of Local 57, first charged complainant and placed him upon trial for a violation of Sec. 45 of the by-laws of the local union, and concluded the trial by assessing a fine of $100; and that subsequently thereto, and without notice to or knowledge of this complainant, caused the local union to rescind this action, and in complainant's absence, entered an order of expulsion so as to circumvent the effectiveness of an appeal prosecuted from the assessment of the fine. Such a procedure was contrary to fundamental principles of right and justice, and could not be sanctioned by any court. The facts alleged in the bill give added strength to the charge that so long as the named "conspirators" remain in charge of the affairs of Local 57, complainant has no prospect of regaining good standing in the order. We think the case clearly presents an exception to the general rule, and that further exhaustion of internal remedies was excused. Complainant, therefore, in our opinion, has shown a case calling for equitable intervention.

As incidental to this relief the bill also seeks damages which complainant has sustained by the wrongful and malicious conduct alleged. Based upon the maxim, "Equity delights to do justice but not by halves," is the well-settled rule, that upon granting equitable relief, the court, in order to do complete justice, will grant incidental relief though it may be such as could be awarded at law. Bowden v. Turner, 243 Ala. 182, 8 So.2d 849. It follows, therefore, that the bill is not objectionable in this respect.

As to the objection of multifariousness, there is no universal rule established to cover all possible cases. It is largely a matter of discretion, and every case must, in a measure, be governed by what is convenient and equitable under its own peculiar facts, subject to recognized principles of equity jurisdiction. It is always proper, therefore, to exercise this discretion in such a manner as to discourage future litigation and prevent a multiplicity of suits. City of Marion v. Underwood, 231 Ala. 225, 164 So. 296; Board of Education v. Baugh, 240 Ala. 391, 199 So. 822. We think it clearly appears that the purpose of this bill is single, and under this well-recognized rule the objection of multifariousness is without merit.

Counsel for defendants insist also that the prayer of the bill goes too far in some aspects as to the injunctive relief sought. But the equity of the bill to our mind is clear, and proper relief is sought. The rule is well-established that a bill stating equity and praying for proper relief is not demurrable for the reason that a prayer for further but unwarranted relief is conjoined. Rosenau v. Powell, 173 Ala. 123, 55 So. 789; Wilks v. Wilks, 176 Ala. 151, 57 So. 776.

We have carefully considered the argument of counsel for the defendants in connection with the cited authorities, and have

answered as best we may the salient features of this argument in what has been said. Further discussion may well be dispensed with. It is our conclusion that the demurrer to the bill was properly overruled, and that the decree should be, and is, here affirmed.

Affirmed.

All the Justices concur.