43 So.2d 529

**MITCHELL v. JEWISH PROGRESSIVE CLUB et al.**

**I Div. 383, 383-A.**

Supreme Court of Alabama.

Dec. 22, 1949.

Caffey, Gallalee & Caffey, of Mobile, for appellant (cross-appellee).

Inge, Twitty, Armbrecht & Jackson, of Mobile, for appellees (cross-appellants).

Mandamus is the appropriate remedy. Medical Society v. Walker, 245 Ala. 135, 16 So.2d 321; Shaup v. Grand International Brotherhood, 223 Ala. 202, 135 So. 327. A bill without equity will not support a temporary injunction. Pilcher v. Dothan, 207 Ala. 421, 93 So. 16; McHan v. McMurry, 173 Ala. 182, 55 So. 793.

FOSTER, Justice.

This cause comes to us in two aspects: (1) on appeal by plaintiff Mitchell from an order dissolving his temporary injunction on hearing after answer filed, and (2) on cross appeal by defendants from the decree overruling their demurrer to the bill.

We think that both appeals will be disposed of as the result of our decision on the demurrer. We will therefore proceed to consider it.

■ Plaintiff was expelled from a nonprofit corporation by the name of the Jewish Progressive Club, and seeks an injunction restraining the club and the individual defendants, alleged to be the directors of the club, from striking plaintiff's name as a member. The bill does not set out the charter of the corporation, although it was introduced in evidence on the hearing. On demurrer to the bill we only consider its allegations. We might say that presumably it was organized under section 124, Title 10, Code, since it is alleged to be a nonprofit corporation. Section 126, Title 10, Code, authorizes it to exercise all such other powers as are incident to private corporations. This of course includes a constitution and by-laws. It also adopted so-called house rules. Among them was No. 12, providing, "Any member not conducting themselves in a ladylike or gentlemanly manner will be subject to suspension from the club." Section 10 of the constitution is alleged to be as follows:

"The board of directors of the club shall have full authority to fine or suspend any member of the club for any infraction of

the club's constitution, by-laws or house rules.

"For the continued infraction of the above, the board shall have the authority to ask said member for his written resignation from the club and upon refusal to do so shall have the authority to remove said person or persons from the club roster. Amount of fine or term of suspension shall be left to the discretion of the board.

"A majority vote of the board in session shall fine or suspend a member. Two-third vote of the board in session shall remove a member from the roster.

"No member shall be fined, suspended, or removed from the club roster without being given the privilege of appearing before the board.

"Any complaints against a member for any infraction of the above that may cause him to be brought before the board must be in writing and signed by the complainant or complainants. There shall be no recourse from these proceedings."

The bill alleges that plaintiff was a member of the club and on May 11, 1949, a complaint was made against him by four other members, as follows:

"Complaint is hereby made to the board of directors of Jewish Progressive Club, of Mobile, Alabama, that there is reasonable cause to believe that one Joseph Mitchell, a member of this organization, has aided or abetted in the issuance of a citation to this organization, charging it with having failed to procure license required by section 592 of Title 51 of the Code of Alabama 1940, which citation is dated to wit May 10, 1949 and demand is made that an appropriate hearing be afforded to said member and that the board after such hearing, fine, suspend or remove said member or take such other action with respect to said matter as to the board may seem proper.

"Sgd. Ed Gandler
            Member
"Sgd. Al Kahn, Vice Pres.
"Sgd. Celia G. Reed
"Sgd. Van E. Reed."

Thereupon the secretary notified the plaintiff in writing as follows:

"Mobile, Alabama.
"May 11, 1949.
"Mr. Joseph Mitchell
"Mobile, Alabama.

"Dear Sir:

"You are hereby notified that a complaint has been filed with the board of directors of the Jewish Progressive Club of Mobile, charging you with infractions of the club's constitution, by-laws or house rules, specifically rule No. 12 arising out of your alleged aiding or abetting in the issuance of a citation against the organization by the State and County license inspector of Mobile County for alleged failure to procure licenses required by section 592 of Title 51 of the Code of 1940.

"Pursuant to the authority invested in the board of directors we direct your attention to the constitution of the club and particularly section 10 thereof, and hereby give you the privilege of appearing before this board to answer the said complaint and to show cause if any you have why you should not be fined, suspended or removed from the club roster. Said hearing will be held in the club building on the 18th day of May, 1949 at 5:00 P.M.

"By Order of the Board of Directors
"Ed Gandler
"Secretary."

A hearing was had on the complaint on May 18, 1949, when the following resolution was passed:

"Whereas, a complaint in writing was filed with this board alleging that there was reasonable cause to believe that Mr. Joseph Mitchell, one of the members of this club, had aided or abetted in having this club cited by the Mobile County License Inspector for allegedly operating slot machines without paying a license and thus had violated the constitution, by-laws and house rules of the club, particularly rule No. 12 thereof, and

"Whereas, due notice was given to said member of the filing of said complaint and of the holding of a hearing thereon on this the 18th day of May, 1949, at this meeting of this board at 5:00 P.M., and

"Whereas, said member appearing in person along with his counsel and said complaint was made known to him and evidence was adduced to the board in support of said complaint, and the said member was afforded full opportunity to deny the same and to offer any evidence he desired in support of such denial, and afforded an opportunity to be heard personally and by and through his counsel, and

"Whereas, the board having considered said complaint and such evidence and being of the opinion that the said complaint is true, and that the said member is guilty of an infraction of the club's constitution, by-laws and house rules, particularly rule No. 12, and that such infraction has and does continue;

"Now, therefore, be it resolved by the board of directors of the Jewish Progressive Club of Mobile that a copy of this resolution be sent to the said Joseph Mitchell as a request of this board that he tender to this board his written resignation as a member of this club and upon his refusal or failure to tender such resignation at the office of the secretary of the club not later than 5:00 P.M. Friday, May 20th, 1949, that the said member stand removed from the club roster and cease to be a member of this organization without any further formality."

The bill alleges that plaintiff was present at the meeting of May 18th, with his attorney, and on the hearing no objection is alleged to the procedure. He admitted that he had reported to the license inspector, as charged in the complaint, but denied there was any provision in the constitution or by-laws or house rules which prohibited a member from aiding or abetting in the issuance of such a citation, nor authorizing a fine, suspension or removal of a member for thus aiding or abetting in such issuance. Plaintiff alleged that the only pretext for claiming he had violated any provision of the constitution, by-laws or house rules was the claim that he aided in the issuance of the citation, as alleged. And that such is not a violation of house rule 12, *supra*, and that, even so, section 10, *supra*, does not authorize the removal of a person from membership except for the continued

infraction of the constitution, by-laws or house rules. He alleges there was no charge of a continued infraction, but only on one occasion he had aided or abetted the issuance of said citation. That the resolution adopted on May 18th, *supra,* was in direct violation of section 10, *supra,* and unless the club and board of directors are enjoined they will put into effect the illegal and unauthorized resolution of May 18th, and he will be irreparably injured. The bill was filed May 20, 1949.

The demurrer sets up many grounds. We need only consider the general ground of want of equity and that plaintiff has an adequate remedy at law.

It will be observed that the resolution of May 18th conforming to section 10, constitution, *supra,* requested plaintiff to tender his written resignation and, upon his failure or refusal to do so not later than 5:00 P.M. of May 20, 1949, "that the said member stand removed from the club roster and cease to be a member of this organization without any further formality." It therefore affirmatively appears that to effect his removal no further action was contemplated by the directors of the club. Under the resolution his effectual removal as a member occurred, *ipso facto,* upon his failure to file his written resignation as directed.

There was no conduct of the directors or club subject to injunction or restraining order. They had done all they proposed to do. There had been a hearing in the club by the tribunal in it set up to hear such a complaint, whose decision was final so far as the club was concerned. No complaint is made as to the sufficiency of the hearing and procedure, except as above indicated. No allegation is made of bad faith on the part of the directors either in respect to the procedure or on the merits.

■ We have noted that this club was incorporated. Where the association is incorporated the authorities are very clear and uniform in prescribing mandamus as the procedure to be pursued by an expelled member.

■ In the case of Medical and Surgical Society v. Weatherly, 75 Ala. 248, this Court gave consideration to the question and held that mandamus would be awarded against the corporation at the instance of a member who has been expelled, disfranchised or removed to compel his restoration to membership and to the enjoyment of the corporate franchises when the cause of his removal is in law insufficient or where the proceedings are irregular, as tested by the charter or by-laws of the corporation, and holding that no inquiry can be made into the merits of what has been regularly done in due course of proceedings. On another appeal of that case, Weatherly v. Medical & Surgical Soc. of Montgomery County, 76 Ala. 567, the doctrine was reaffirmed without elaboration.

■ We had occasion to refer to a somewhat similar procedure in the case of Medical Society of Mobile v. Walker, 245 Ala. 135, 16 So.2d 321. In that case it was alleged that the secretary of the association intended to enroll two certain persons as members without a compliance with the rules and regulations of the order necessary to be pursued to entitle them to membership. A bill in equity was filed by a member of the organization seeking an injunction against the secretary and the organization itself restraining them from enrolling as members the two persons mentioned, the by-laws not having been complied with to justify such enrollment. One question was whether or not injunction was the proper remedy. In holding that injunction was the proper remedy, the Court pointed out that the purpose was to restrain action and not to compel action, and observed that mandamus is the proper remedy to correct the wrong for an illegal expulsion when the illegality was in violation of the constitution, by-laws, rules and regulations. Whereas the injunctive relief was appropriate against the anticipated violation of the constitution and by-laws, as in that case. This was for the reason that in one instance, in which mandamus was held to be the appropriate remedy, the illegal act had been accomplished and the effort was to undo the wrong; whereas, in the other, the illegal act was threatened and the purpose was to prevent its accomplishment.

The theory of that case was consistent with the Weatherly cases, supra, and cites them, and it is consistent with the authorities generally in other states upon the subject. The principle is so declared in 38 Corpus Juris § 447, p. 790; 55 Corpus Juris Secundum Mandamus, § 215, p. 422. Those authorities in support of that principle cite our Weatherly and Walker cases, supra, and a great many others from foreign jurisdictions.

It seems perfectly clear that if plaintiff has any remedy in the premises, it is by mandamus to command the directors of the club to cancel the resolution which expelled him as a member and restore him to membership. That resolution accomplished the fact, if it is legal, without anything else being done. The injunction is sought to restrain them from putting into effect the resolution, but it does not appear that anything further was to be done by the directors to make the resolution effectual and his expulsion an accomplished fact.

In the case of Local Union No. 57, Brotherhood of Painters, Decorators and Paper Hangers of America v. Boyd, 245 Ala. 227 (11), 16 So.2d 705, there were special circumstances which prevented mandamus from affording adequate relief and that was emphasized in sustaining the injunction.

In view of the fact that plaintiff has pursued his remedy in equity by injunction which, we think, is not appropriate, the demurrer which raises that question should have been sustained and the injunction was properly dissolved on the motion made by the defendants for want of equity in the bill.

The result is that on appeal of plaintiff Mitchell from that decree dissolving the temporary injunction, it is affirmed. On the cross appeal assigning as error the decree of the court overruling the demurrer to the bill, it is reversed and a decree here rendered sustaining the demurrer, and the cause is remanded.

Affirmed on direct appeal.

Reversed, rendered and remanded on cross appeal.

BROWN, LAWSON and STAKELY, JJ., concur.