6

49 So.2d 672

**COSTA v. LA LUNA SERVANTE et al.**
**I Div. 407.**

Supreme Court of Alabama.

Dec. 21, 1950.

McAleer, Langan & Gaston, of Mobile, for appellant.

Harry Seale, of Mobile, for appellees.

SIMPSON, Justice.

The question on this appeal is whether or not the bill contained equity, the trial court having sustained the demurrer thereto.

Appellant filed the bill and we gather from its allegations that she was a member of a mystic society known as La Luna Servante (defendant corporation), and that for some alleged infraction of the rules of the order, she was expelled from membership in the society (by action of the secret committee, with approval of the executive board), and was notified by the attorney for the society of her expulsion and that she was no longer a member thereof. The bill alleges that her expulsion was contrary to the rules and regulations of the order and prays: "* * * and decree that the purported expulsion * * * is null, void and of no effect and the defendants [the corporation and its officers] and each of them and their successors in office and their agents, servants or attorneys be permanently enjoined from interfering with the constitutional rights of your oratrix as a member of said organization * * *."
The bill further shows that the society was organized as a body corporate under the provisions of Art. 5, Title 10, §§ 139–149, of the 1940 Code of Alabama.

Following the well-established rule of construing the pleadings on demurrer against the pleader, we interpret the

purpose of the bill to be one to have an illegal expulsion from membership in a body corporate set aside and decreed a nullity and for the incidental relief of restraining the officers of the order from interfering with her rights as a member. Quite clearly, under the rule of our authorities, if complainant is entitled to any relief, she has it at law by mandamus. According to the allegations of the bill, her expulsion was final and so treated by the corporation and its officers, and as was observed in Mitchell v. Jewish Progressive Club, 253 Ala. 195, 43 So.2d 529, 532: "Where the association is incorporated the authorities are very clear and uniform in prescribing mandamus as the procedure to be pursued by an expelled member." This principle is supported by other such cases as Medical Society of Mobile v. Walker, 245 Ala. 135, 16 So.2d 321; Medical & Surgical Society v. Weatherly, 75 Ala. 248, and is also declared in 38 C.J. 790, § 447, and 55 C.J.S., Mandamus, § 215, p. 422, with numerous supporting authorities from other jurisdictions.

So if the plaintiff has any remedy in the premises, it would be by mandamus to command the governing authority of the society to cancel and expunge from its minutes whatever resolution of expulsion may have been entered and to restore her to membership. Mitchell v. Jewish Progressive Club, supra.

■ It might be added by way of parenthesis that even if it could be argued that we have not construed the bill correctly and it should be interpreted that the appellant had in fact not been expelled from membership, but is merely being so treated by the officers of the society, judicial relief would not be available under such a status, since it appears that if such be the situation she has not yet exhausted her remedy within the society. The general rule is that even when a member of an association may properly resort to the courts to correct illegal action of the association, it must appear that the member has first exhausted all remedies within the association before applying to the court. 7 C.J.S., Associations, § 34, p. 81. So even if equity could intervene, which is not up

for consideration now, she has not met the condition precedent therefor.

We find no error in the ruling of the court.

Affirmed.

BROWN, FOSTER, and LIVINGSTON, JJ., concur.