72 So.2d 98

**FRANCIS et al.  v.  SCOTT et al.**

**8 Div. 720.**

Supreme Court of Alabama.

April 15, 1954.

Harry J. Huddleston, Joel M. Love, Sr., Huddleston & Love, Sheffield, for appellants.

W. A. Barnett, Florence, for appellees.

## PER CURIAM.

This is an appeal from a final decree rendered in the circuit court, in equity, in which an appeal had previously been taken from a decree overruling a motion to discharge and one to dissolve a temporary injunction and is our case numbered 684. Ala.Sup. 72 So.2d 93.[1] The court at this time is dismissing that appeal for reasons there indicated. On that appeal we are holding that it had been abandoned and therefore the final decree rendered after its abandonment was not void by reason of that appeal and that it was itself appealable in so far as the right to do so is affected by that appeal, case No. 684, in this court.

The suit is by individuals who are alleged to be members of "Florence Alabama Local Union No. 388 of Journeymen Barbers, Hairdressers, Cosmetologists and Proprietors' International Union of America," an unincorporated association and by its local No. 388 as complainants. The respondents are John F. Francis, "individually and as agent of the Journeymen Barbers, Hairdressers, Cosmetologists and Proprietors' International Union of America," alleged in an amendment to be a corporation, and V. T. Walker, individually, also certain named persons members of the general executive board of said Journeymen Barbers, Hairdressers, Cosmetologists and Proprietors' International Union of America, a corporation. But it was finally shown to be unincorporated.

1. Ante, p. 590.

In the fourth paragraph of the amended bill it is alleged in substance that on September 16, 1952, two days before the original bill was filed, the respondent John F. Francis, individually and as agent of the international union with the aid of respondent V. T. Walker, went to a barber shop in Florence, which was the official meeting place of the Florence union, and over the protest of its president removed from the wall the charter issued by the international union and carried it from said building and unlawfully removed the individual place cards of all the individual members of the local union.

It is further alleged in the amended bill that this was unlawfully done by the international union and its general executive board because the local union refused to comply with the request of the general executive board to meet the prices and hours set by the local union No. 682 of Sheffield and Tuscumbia. And that the local at Florence was unlawfully dissolved without a hearing. That a majority of its members voted to keep the hours and prices which they had and which were less than those of local No. 682. A clause in the constitution of the international union was quoted, which provided that every local union may regulate its own hours, prices and wages. The bill alleges that the members of the local pay dues to the international union and have the right to sick and death benefits which they lose by the forfeiture of their charter. That an order was made (by the executive board) to revoke their charter and destroy the local union in order to require the complainants to join the local No. 682 and charge the amounts set up by it for the price of services in excess of those made by members of the Florence local No. 388.

In answer to that complaint set out in paragraph XVI-a, it is alleged that William G. Birthright, general president-secretary-treasurer of the international union, placed the problem before the general executive board in February 1952 and the board ruled and issued an order to the effect that committees of the two locals (388 and 682) recommend to them both the price and hour regulations for the entire area and that a majority of the combined membership would control, and further ruled that if the locals refused to accept this formula that the general president exercise his best judgment with respect to amalgamation of the two locals and take such action as he deemed necessary. The Florence barbers refused to observe that order. John F. Francis was detailed by the international to obtain compliance. He was authorized to remove the charter of the Florence local and recover property of the international and to transfer members of that union to local No. 682. The answer in paragraph XVII-a alleged that Francis removed the charter as heretofore stated and offered to transfer the members to the other local.

The prayer of the bill for relief is that (2) the court adjudge and decree "that the void or unlawful order of the executive board of Journeymen Barbers, Hairdressers, Cosmetologists and Proprietors' International Union of America, a corporation, be cancelled, annulled, and held for naught by which the complainants' charter and shop cards were removed". (3) "That the executive board of Journeymen Barbers, Hairdressers, Cosmetologists and Proprietors' International Union of America, a corporation, be restrained from unlawfully revoking the charter and taking possession of the union charter, taking possession of the union shop cards, the records of the local union, and from in anywise unlawfully diminishing the rights and benefits of the Florence Alabama Local No. 388 of Journeymen Barbers, Hairdressers, Cosmetologists and Proprietors' International Union of America and by individual members thereof". (4) "That the failure of the Florence Alabama Local No. 388 of Journeymen Barbers, Hairdressers, Cosmetologists and Proprietors International Union of America, an unincorporated association, by its failure to meet the prices and hours of the Sheffield and Tuscumbia Local No. 682 of Journeymen Barbers, Hairdressers, Cosmetologists and Proprietors' International Union of America is not a just cause to revoke the charter of Florence Alabama Local No. 388 of Journeymen Barbers, Hairdressers, Cosmetologists and Proprie-

tors' International Union of America. That your honor order, adjudge and decree that the constitution and by-laws of said organization gives the local union the exclusive rights to set the hours and prices in the local shops of Florence, Alabama". (5) That the executive board of Journeymen Barbers, Hairdressers, Cosmetologists and Proprietors' International Union of America, a corporation, be restrained from requiring the members of the Florence Alabama Local Union No. 388 of Journeymen Barbers, Hairdressers, Cosmetologists and Proprietors' International Union of America to become members of the Sheffield and Tuscumbia Local Union No. 682 of Journeymen Barbers, Hairdressers, Cosmetologists and Proprietors' International Union of America". (6) "That the complainants are entitled to damages for the loss of property rights and expense of counsel as the evidence may justify against the respondents", and (7) general relief.

A demurrer to the amended bill was overruled on January 16, 1953. But appellants' argument seems to be addressed solely to the final decree. That decree makes a full and complete finding of the facts, based upon evidence taken orally before the trial judge.

The findings of the trial judge are substantially in accord with the allegations of fact in the pleadings (omitting controverted conclusions), and adding that the Florence local voted one hundred percent against consolidation. And that without further direction or special order the president of the international union sent an order to Francis to remove the charter, shop cards and membership cards of all members of the Florence local on the sole ground that it had not agreed with the other local as to prices and hours. He found further that the reason advanced was that the Muscle Shoals district is *one place,* and it is not its policy to lower prices. But the court found that it was not one place, and that since 1918 Florence had had a separate local union by authority of the international, and that there had been no trouble until the matter of increasing prices and changing hours arose as above stated.

The court thereupon decreed that (1) the order theretofore made by the executive board be declared null and void; that said board had no legal or moral right to remove said charter and papers and cards of said local No. 388. (2) Said executive board "is hereby restrained and enjoined permanently from revoking the charter and taking possession of the said charter of local No. 388 of Florence, Alabama, and also the union shop cards, records, individual membership cards and all papers involved in the suit; and, also, from diminishing in any manner the rights and benefits of the individual members of said local No. 388 of Florence, Alabama". (3) "That the reasons advanced by the respondents are not legally or morally sufficient to justify respondents' action in removing the charter, union shop cards and individual membership cards and records of said local No. 388 of Florence, Alabama". (4) "That said respondents are enjoined and restrained from requiring the individual members of local No. 388 of Florence, Alabama (in order to preserve their financial rights and security accrued to them as members of local No. 388 which is a member of said international union) to join local union No. 682 in Sheffield, Alabama". (5) "That $1000 is a reasonable sum as complainants' expenses for counsel representing them in this procedure and judgment is hereby entered in favor of complaints against respondents for the sum of $1000 which shall be taxed as a part of the costs in this cause and collected as such and the other costs herein are also taxed against respondents for the collection of all of which execution may issue". (6) "That each individual complainant in this cause has property rights, that may or may not be affected adversely to him pending outcome of this cause, and it is referred to the register of this court to hold a reference and determine the value of said property rights each complainant holds by virtue of being a member of local No. 388 which said local is a member of, or was a member of said international union and report his findings thereon to the court for confirmation and fixing of amounts of damages due each complainant said report to be made within thirty days and the court

retains jurisdiction of the cause for supplemental decree as to said damages". (7) "That respondents are commanded forthwith to return all papers taken by them through their agent John F. Francis from the possession of local No. 388, its union shop cards, all individual membership cards and all other papers so taken and to do this within thirty days pending final decree, otherwise to suffer further penalties and damages. All further orders reserved".

Within thirty days after the decree it was amended *ex mero motu, nunc pro tunc,* so as to show that the Journeymen Barbers, Hairdressers, Cosmetologists and Proprietors' International Union of America is an unincorporated association and not a corporation. So that a decision of the questions presented must be upon the basis of that status—that is, that the international union is unincorporated. It has appeared and answered without question as to jurisdiction over it by the circuit court.

■■ Ordinarily, a prohibitive injunction is not available as to an act which has already been done. In that respect mandamus is the usual remedy against an incorporated labor (or other) organization. Mitchell v. Jewish Progressive Club, 253 Ala. 195, 43 So.2d 529, 20 A.L.R.2d 339; Walker v. Medical Society, 247 Ala. 169, 22 So.2d 715; Medical Society v. Walker, 245 Ala. 135, 16 So.2d 321; Weatherly v. Medical and Surgical Society, 76 Ala. 567; Medical & Surgical Society v. Weatherly, 75 Ala. 248; 55 C.J.S., Mandamus, § 215, p. 422. A mandatory injunction in equity will lie against an unincorporated labor organization to restore one to membership in a proper case. Local No. 4, etc., v. Brown, 258 Ala. 18, 61 So.2d 93; Mitchell v. Jewish Progressive Club, supra; Local Union No. 57, etc., v. Boyd, 245 Ala. 227, 16 So.2d 705; 7 C.J.S., Associations, § 26, p. 68, note 67; 14 C.J.S., Clubs, § 18, p. 1289, note 40. But mandamus is not appropriate for that purpose when directed to an unincorporated association. 55 C.J.S., Mandamus, § 238, p. 451, notes 64–67; 38 C.J. 825, notes 56–61.

■■ One feature of the bill is to enjoin the international union from requiring complainants to join the local union at Sheffield (No. 682) in order to preserve their financial rights and security which they had as members of local No. 388. That is in the nature of a continuing act and subject to prohibitory injunction. There is also equity in the bill to the extent that it seeks declaration of rights as to which there is a justiciable controversy. The rules and regulations made, by which such an association is governed, constitute a contract between its members, Medical Society v. Walker, supra, and therefore subject to construction by the court in a declaratory judgment under section 157, Title 7, Code, when there is an actual controversy with respect to it.

■ We think the court was justified in finding that the international union undertook to cancel membership in it by the Florence local No. 388 and its members on account of their refusal to change their prices and hours to conform with local No. 682 at Sheffield; that the constitution of the association extended the privilege to each local to fix its own prices and hours. That this was a binding and important feature of it. Therefore the court properly held that complainants had a right to have a declaration made by the court that the order of the international, which amounted to a dismissal of them from the association, was void because it violated their contract as expressed in the constitution. It follows that the international had no right to remove the charter, shop cards and individual membership cards, and should restore them to the Florence local No. 388, and its membership in the international union. So that those features of the final decree numbered (1), (3), (4) and (7), supra, were rendered without error.

The effect of that status is to restore to complainants the benefits which they would lose by the loss of membership, so that the damages which would result from the loss of such membership should not accrue as it did for different reasons in the case of Local Union No. 57 v. Boyd, supra.

Complainants are not entitled to an attorneys' fee for establishing their rights and obtaining a mandatory injunction here decreed for them. Taylor v. White, 237 Ala. 630, 188 So. 232; Moss v. Winston, 223 Ala. 515, 137 So. 303; 25 C.J.S., Damages, § 50, p. 531; 15 Am.Jur. 550, section 142.

So that, features (2), (5) and (6) of the final decree should be eliminated, and to that extent it should be modified and as modified affirmed.

The foregoing opinion was prepared by Foster, Supernumerary Justice of this Court while serving on it at the request of the Chief Justice, under authority of Title 13, § 32, Code, and was adopted by the Court as its opinion.

Affirmed as modified.

LIVINGSTON, C. J., and LAWSON, STAKELY and MERRILL, JJ., concur.