**H. B. TORBETT, Appellee,**

v.

**INTERNATIONAL TYPOGRAPHICAL UNION, Appellant.**

No. 47280.

Court of Appeals of Oklahoma,
Division No. 1.

May 20, 1975.

Released for Publication by Order of Court of Appeals June 12, 1975.

James S. Steph, Okmulgee, for appellee.

Ungerman, Grabel & Ungerman, Tulsa, for appellant.

ROMANG, Presiding Judge:

Plaintiff, H. B. Torbett, brought this action against the defendant, International Typographical Union, alleging that for a period in excess of fifty years he was a union member and as such he was required to and did pay into said Union sums of money designated by the Union as Old Age Pension Benefits in accordance with the Union rules and regulations as shown in its Book of Laws; that he is now eligible to receive a pension of $100.00 per month but the Union had failed and refused to pay it. Plaintiff prayed, inter alia, that the court find plaintiff is entitled to such pension benefits, and direct the Union to make payment of the same.

On January 25, 1971, the trial court entered judgment finding that the Union must pay the pension to plaintiff unless the Union can show that plaintiff's earnings as operator of the Torbett Printing Shop were in excess of those permitted by Article II § 3 of the Union by-laws. The trial court retained jurisdiction for the purpose of hearing evidence pertaining to the plaintiff's earnings.

On July 26, 1971, the trial court entered a further judgment which reads in part:

"The Court finds that the plaintiff's earnings did not exceed the allowed two days pay per week and that therefore the plaintiff is entitled to receive pension benefits for the years 1969, 1970, and 1971 unless and until it appears that his annual earnings will exceed the equivalent of two days pay, based on the current scale in Tulsa."

The Union appealed to the Oklahoma Supreme Court. In Torbett v. International Typographical Union, 508 P.2d 268 (Okl.1973), the trial court was affirmed and the opinion reads in part:

". . . [W]e hold that to require this member under the facts of this case to exhaust his remedy before the International Convention would be a practical denial of justice. This is a well recognized exception to the rule. Hickman v.

Kline, 71 Nev. 55, 279 P.2d 662, 669[6, 7]. The Nevada Supreme Court quoted the Alabama Supreme Court with approval: 'If requiring exhaustion of internal remedies would, under the circumstances, be unreasonable and a practical denial of justice . . . . such a course is not a condition precedent to equitable relief.' Local Union No. 57, Brotherhood of Painters, Decorators and Paperhangers of America v. Boyd, 245 Ala. 227, 16 So.2d 705, 712. The denial of justice is accentuated by the arbitrary and capricious conduct of the Executive Council in rejecting the member's application.

\* \* \* \* \* \*

". . . The arbitrary nature of the Executive Council's action lay in its decision, contrary to Art. XX, § 3, that the member seeking a pension may not engage in a pursuit inside the trade. This action was an attempted denial of the member's legal rights.

"We turn now to the Union's attack on the final order of July 26, 1971, wherein the trial court found 'that the daily earning rate should be figured on the Tulsa scale for each of the years [1969, 1971, 1972] involved in this litigation.' In this same order the trial court decreed that 'plaintiff [the Member] shall not receive pension payment past or current unless and until he pays his union dues up to date, plus any applicable penalties for late payment and pays the court costs of this action.'"

Plaintiff through his attorney made a tender to defendant's attorney which was refused and sent back. Still the Union paid no pension.

On August 29, 1973, plaintiff filed a motion which reads in part:

"Plaintiff would further show to the Court that the defendant has assets within the jurisdiction of this Court, same being money received by the secretary of the International Typographical Union in Tulsa, Oklahoma and that such mon-

eys are subject to the jurisdiction and control of this Court. Plaintiff would further show to the Court that such moneys are in the hands and control of the secretary of the local union of the International Typograhical Union in Tulsa, Oklahoma and that such secretary is a member of the defendant union liable to, and under the control and jurisdiction of this Court.

WHEREFORE plaintiff prays that this Court order and direct the secretary of the International Typographical Union at Tulsa, Oklahoma to pay unto the plaintiff, all sums which are, or shall come into his hand belonging to the International Typographical Union until such time as said Order of the Court has been complied with to date and that such secretary further be ordered and directed to pay unto the plaintiff from and after such date the sum of $100.00 per month in accordance with the Order of the Court."

On January 31, 1974, the trial court entered an order which is the subject of attack by the Union in this appeal, and which reads in pertinent part:

"THAT the Motion of the plaintiff should be and hereby is sustained, and the Secretary of the Tulsa local, of the International Typographical Union, Donald R. Rogers, and/or his successor in office if any, is herewith directed to make payment into the Court all sums of money in his possession, or coming into his possession, belonging to the International Typographical Union until the Judgment of the Court heretofore entered on the 26th day of July, 1971 has been brought to date, with interest thereon at the rate of ten (10%) per cent per annum from date of tender of plaintiff's dues, that is, April 6, 1973, and to further make such payment of $100.00 per month from such fund to the plaintiff in compliance with said Order.

\* \* \* \* \* \*

"CONCLUSIONS OF LAW

"The Court finds that the Judgment as heretofore entered was a Declaratory Judgment settling and defining the right of the plaintiff to a pension, and ordering and directing the defendant to make such payment.

"The Court further finds that the Judgment rendered herein is a Declaratory Judgment defining the rights of the parties, and ordering and directing compliance with such finding, and that the Court has continuing jurisdiction under Title 12 OSA § 1655 to direct compliance with such Judgment and Order.

"The Court further finds that the members of the Tulsa local of the International Typographical Union are not third parties, but are members of the defendant, holding assets of the defendant, and as members of an unincorporated association, defendants, in fact, and not third parties."

The Union has appealed and presents four propositions for reversal which read:

"PROPOSITION I. The District Court erred in concluding that the judgment of July 26, 1971, was a Declaratory Judgment and that the District Court had continuing jurisdiction of this case under Title 12, O.S. § 1655.

"PROPOSITION II. The District Court's order of January 31, 1974, cannot properly be a Declaratory Judgment and it is therefore null and void.

"PROPOSITION III. The District Court erred in finding that the Tulsa local union and its members were not third parties to the present suit.

"PROPOSITION IV. The District Court did not have jurisdiction over the Tulsa local union or the local's secretary under the circumstances of this case."

Plaintiff has answered with two counter-propositions which read:

"PROPOSITION I. The judgment as entered by the District Court of Okmulgee County, and upheld by the Supreme

Court of the State of Oklahoma, was a Declaratory Judgment, and the order entered enforcing said judgment is proper under our statutes.

"PROPOSITION II. The secretary of the Tulsa local union is a proper party before the Court, against whom an order can be directed for compliance with the Court's ruling."

The Union contends that the District Court did not have jurisdiction to hear plaintiff's motion of August 29, 1973, because the final judgment of July 26, 1971, which was involved in the first appeal, was not a declaratory judgment.

▪ The Oklahoma Supreme Court decided a number of different and varied issues in the first appeal, as a reading of the opinion in *Torbett*, supra, will reveal. Among the issues decided was whether plaintiff had to go through the internal procedures provided by the Union regulations and by-laws before being able to resort to the courts, and also whether plaintiff was entitled to draw a pension. These determinations are declaratory regardless of what the parties call them.

▪ When only a part of a judgment is declaratory, the question is then whether the trial court may enforce that part as provided by the Declaratory Judgment Act.

12 O.S.1971, §§ 1651, 1652 and 1655, provide in pertinent part:

§ 1651. "District Courts may, in cases of actual controversy, determine rights, status, or other legal relations, including but not limited to a determination of the construction or validity of any foreign judgment or decree, deed, contract, trust, or other instrument or agreement or of any statute, . . . ."

§ 1652. "A determination of rights, status, or other legal relations may be obtained by means of a pleading seeking that relief alone or as incident to or part of a petition, counterclaim, or other pleading seeking other relief, and, when a party seeks other relief, a court may

grant declaratory relief where appropriate."

§ 1655. "Further relief based upon a determination of rights, status, or other legal relations may be granted whenever such relief becomes necessary and proper after the determination has been made. Application may be made by petition to any court having jurisdiction for an order directed to any party or parties whose rights have been determined to show cause why the further relief should not be granted forthwith, upon reasonable notice prescribed by the court in its order."

"Words used in a statute are to be understood in their ordinary sense, except when a contrary intention plainly appears." 25 O.S.1971, § 1.

In Seventeen Hundred Peoria, Inc. v. City of Tulsa, 422 P.2d 840 (Okl.1966), the trial court entered a declaratory judgment construing a part of the Tulsa Building Code. In the judgment the court directed the plaintiff to install a sprinkler system in a building for fire prevention purposes. Plaintiff appealed, and the Oklahoma Supreme Court affirmed in an opinion which reads in part:

"The plaintiff makes some argument that the portion of the judgment ordering the plaintiff to install the sprinkler system within 90 days from the effective date of the judgment rendered January 29, 1964, is invalid for the reason that it is outside of the issues.

\* \* \* \* \* \*

"We note that 12 O.S.1961, § 1655, of the Declaratory Judgment Act makes provision for granting further relief based upon a determination of rights, status, or other legal relations.

\* \* \* \* \* \*

"In 26 C.J.S. Declaratory Judgments § 160, it is stated:

" 'Generally, in an action for a declaratory judgment, the court may grant such relief as equity dictates, and as is

warranted by the proof. The fact that declaratory relief is sought does not preclude other relief appropriate to what purports to be an action in equity, and the court has wide discretion in determining what relief is proper and in prescribing the time within which such relief should become effective.'"

Although plaintiff's right to the pension has been declared by the Oklahoma Supreme Court, the Union still refuses to pay. Therefore, other relief is necessary. The union contends that plaintiff must resort to garnishment to reach its funds in the hands of the Tulsa local union. We do not agree.

12 O.S.1971, § 182 provides:

"When any two or more persons associate themselves together and transact business for gain or speculation under a particular appellation, not being incorporated, they may be sued by such appellation without naming the individuals composing such association and service of process may be had upon such association by personal service as provided by law for services of summons in civil actions, upon any member of such unincorporated association, . . . ."

A member of the Tulsa local union is by virtue thereof a member of the International Typographical Union. At the beginning of this case, summons on the defendant Union was obtained by serving said summons upon a retired union member of the Okmulgee local.

 It is undisputed that the defendant Union is an unincorporated association. We therefore conclude that service upon one of its members such as the secretary of the Tulsa local, who collects dues for the International, is service upon the defendant Union. In the collecting and transmitting of dues to the defendant Union said secretary is also its agent. Both the agent and money are within the jurisdiction of the District Court.

 Article IX, Section 4, of International's Constitution, reads in part:

"International dues for each month shall be collected by subordinate unions and shall be transmitted to the Secretary-Treasurer of the International Typographical Union before the twentieth of the succeeding month."

We conclude that under § 1655, the District Court has the authority to order the defendant's agent to pay the defendant's money into court to satisfy the judgment of the court.

Affirmed.

REYNOLDS and BOX, JJ., concur.